[S. F. No. 7657. In Bank.—July 25, 1916.]

## W. R. RIDEOUT COMPANY (a Corporation), Petitioner, v. A. J. PILLSBURY et al., as Members of and Constituting the Industrial Accident Commission of the State of California, Respondents.

WORKMEN'S COMPENSATION ACT—DECKHAND ON BARGE—DEATH BY DROWNING—ACCIDENT IN COURSE OF EMPLOYMENT.—A deckhand on a barge, whose sole duties consisted in helping to load and unload the barge, and who, in ignorance of a rule prohibiting him from being on deck while the barge was in motion, was drowned as the result of falling from the deck during the course of a voyage at the termination of which he was to assist in removing the cargo, was killed by accident occurring in the course of and arising out of his employment, within the meaning of the Workmen's Compensation Act.

ID.—WILLFUL MISCONDUCT—INSUFFICIENT EVIDENCE OF.—On *certiorari* to review an award for such death, the court cannot say that the conduct of such deckhand, in leaning while asleep against a post near the edge of the barge, amounted to willful misconduct.

ID.—BURDEN OF PROOF—DEATH BY OTHER THAN ACCIDENTAL MEANS.—In a proceeding to recover compensation for such death, while the burden of proof is on the applicant, it is not necessary that every possibility of death by other than accidental means should be negatived. In the absence of evidence to the contrary, the claimant was entitled to the presumption that a sane man probably would not commit suicide.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

O'Neill & O'Neill, for Petitioner.

Christopher M. Bradley, for Respondents.

MELVIN, J.—*Certiorari* to review the action of the Industrial Accident Commission in awarding compensation for the death of one Francisco Coelho who, on June 27, 1914, fell from a barge which was being towed up the Oakland estuary and was drowned.

Coelho was a deckhand on a barge operated by the W. R. Rideout Company. His duties consisted in helping to load and unload the barge. On the day in question he went to work in San Francisco at 6 o'clock and shortly after that hour the barge was started on its trip to Oakland. Coelho had no duties to perform during the voyage. There was a house provided for the men on board the barge, and the evidence tended to show that some of them were in that place amusing themselves by playing cards during the trip. There was testimony to the fact that a breeze was blowing, but nothing to indicate that the weather was unusually stormy. Some of the witnesses said that the bay and the estuary were "a little rough," but explained that the disturbance of the water was about that which might result from the passing of a steamer. Set into the deck were six or seven posts each three and one-half feet high and twelve or fifteen inches from the edge of the barge. After the barge had entered the estuary, one of the men went out on deck to get the lunch baskets for himself and his fellow-workmen. He observed Coelho leaning against one of the posts. He was, as this man testified, "inside of the post," meaning doubtless on the side of the post farthest from the edge of the barge. Coelho was apparently asleep. The man, Rodrigues, pulled Coelho's coat and said: "Frank, you crazy? Come on inside." To which Coelho answered: "No. Leave me alone." Rodrigues then left him and he was never again seen alive. His body was afterward washed ashore at a point near the place where the conversation between Rodrigues and Coelho took place.

The majority of the Industrial Accident Commission found that Coelho's death was accidental; that it happened while he was performing a service growing out of, incidental to, and in the course of his employment, and was not caused by the willful misconduct or intoxication of the employee.

There was an attempt at the hearing before the commission to prove that Coelho was intoxicated, but it was without success, and the finding that death was not due to intoxication was the only one proper under the circumstances.

Petitioner insists that Coelho was violating a well-established rule by which the employees were required to remain in the house or cabin of the barge during the trips. There was some testimony to the effect that the man in charge of the barge fre-

quently told the other employees to stay inside of the house, but it was not shown that Coelho, who had worked on the barge but a few days, had ever been told of any rule prohibiting him from occupying any portion of the deck while the barge was in motion. On the contrary, it appears that during the very trip on which the tragedy occurred some of the men had been playing cards out on deck and Martinez, who was in command, joined in their game. Under this condition of the evidence we may not disturb the finding that Coelho was not violating any specific rule of his employer by leaning against the stout post or bitt.

Nor can we say that his position was so perilous that he displayed a spirit of bravado and reckless foolhardiness by occupying it. Taking the trip from San Francisco to Oakland on that barge so that upon arrival at the latter city he might be ready to assist in removing the cargo was a part of Coelho's duty. Therefore, he was in the course of his employment when the accident occurred if he was not either recklessly or in defiance of orders occupying a place of great peril. While his conduct was not careful and was not characterized by such caution as would be entirely commendable in one afloat upon such a craft, we cannot say that it amounted to willful misconduct.

There is some suggestion on the part of the petitioner that it was incumbent upon the applicant before the commission to negative the possibility of suicide. While the burden of proof is upon the applicant, it is not necessary that every possibility of death by other than accidental means should be negatived. The circumstances in evidence are entirely consistent with death by accident, and there is no word of testimony tending to suggest either suicide or homicide. Without such evidence the claimant was entitled to the presumption that a sane man probably would not commit suicide. There was no showing and no attempt to prove that Coelho was laboring under any great mental strain. The finding of death by accident was therefore fully sustained.

As Coelho was going on his employer's business by the very conveyance furnished by the employer for that purpose, there can be no question of the correctness of the finding that the accident occurred in the course of and arose out of his em-

ployment. (*In re Donovan*, 217 Mass. 76, [Ann. Cas. 1915C, 778, 104 N. E. 431].)

No other contentions of petitioner demand discussion.

The award is affirmed.

Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.