MARIE WAGNER, Plaintiff, *v.* CHARLES H. THIEROT, Individually and as Executor, etc., under the Last Will and Testament of OTTO WAGNER, Deceased, Defendant.

Supreme Court, New York County, April, 1922.

Insurance — policies of life insurance payable to wife — options as to borrowing and changing beneficiary — when wife on death of insured cannot maintain action against his estate to recover amount he had borrowed on policies and which was deducted from sum paid her by the insurance company — subrogation — effect of will.

Testator obtained loans upon two policies of insurance upon his life, in each of which his wife was named as the beneficiary. After deducting the amount of such indebtedness with accrued interest, the balance was paid to the wife. Upon her claim that the indebtedness should have been paid out of her husband's general estate, she brings this action seeking to be subrogated to the rights of the insurance companies as creditors of the estate, and to recover from her deceased husband's estate the money borrowed by him on the insurance policies. *Held*, that as under the policies the insured had the right to borrow upon them, to take their cash surrender value within a stated time limit, and to change the beneficiary at any time without her consent, and specifically agreed to permit the insurance companies to deduct any indebtedness from the amounts payable under the policies, she had no vested interest as beneficiary in them, and a statement in testator's will that he had made no testamentary provision for her other than a gift of all the household furniture, because he had otherwise adequately provided for her by life insurance in her favor, did not change the situation, and defendant's motion for judgment on the pleadings will be granted and the complaint dismissed.

MOTION by the defendant for judgment on the pleadings.

*Gustav Lange, Jr.*, for plaintiff.

*Holm, Whitlock & Scarff* (*Victor E. Whitlock* and *Herbert D. Chabot*, of counsel), for defendants.

O'MALLEY, J. It appears from the complaint that the defendant's testator had two policies of life insurance upon which he had borrowed certain sums during his lifetime. This indebtedness with accrued interest was deducted from the face of the policies by the companies and the balance paid to the plaintiff, testator's wife, who was named as beneficiary in each policy. It is the claim of the plaintiff that the testator's indebtedness to the companies should have been paid out of his general estate, and by this action she seeks to be subrogated to the rights of the companies as creditors of the testator and thus recover from his estate the moneys borrowed by him. The defendant moves for judgment and dismissal of the complaint upon the ground that a cause of action is not stated.

The precise question presented seems not to have been decided and plaintiff seeks to support her action upon general equitable

" principles of natural justice " applicable to the law of subrogation. *Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137.

Reference to testator's will is made to support her claim. It contains the usual direction for the payment of the testator's debts. After giving all household furniture to the plaintiff the testator's states: " I am making no other provision in this will for my wife, because I have otherwise adequately provided for her, by life insurance in her favor." The amount of each policy is $25,000. The amounts deducted on account of the loans of the insured were $2,610.70 on one policy, and $4,561.46 on the other.

The rights of the parties must depend both upon the nature of the testator's contracts with the insurance companies, and the rights of the plaintiff under those contracts. Under the policies the insured had the right to borrow upon the policies, to surrender them in consideration of a certain cash value at any time at the end of two years, and to change the beneficiary at any time without the latter's consent. In addition, he specifically agreed to permit the companies to deduct any indebtedness from the amounts payable under the policies.

It is apparent that under these provisions, particularly that with respect to the change of beneficiary, the insured reserved the right to entirely cut off the beneficiary's interests during his life. Under the surrender clause he retained his right to become sole beneficiary if he so desired, and preserved his property rights under the policies. *Travelers' Insurance Co.* v. *Healey*, 25 App. Div. 53; affd., 164 N. Y. 607; *Caplin* v. *Penn Mutual Life Insurance Co.*, 182 App. Div. 269; affd., 229 N. Y. 545.

The plaintiff had no vested interest as beneficiary. Her rights were contingent upon the will of the insured. If he had the right to deprive the plaintiff of all benefits under the policies, it would seem to follow that he possessed the right to reduce the amount which she should receive under them by borrowing against them for his own benefit.

I am of opinion that the provision of the insured's will referred to does not materially affect the situation. He may have considered that he had made adequate provision for the plaintiff by making her the beneficiary of his policies, less the amount of his loans.

Defendant's motion for judgment on the pleadings is granted, with ten dollars costs, and complaint dismissed.

Ordered accordingly.