## STEVENS v. FIRST NAT. BANK OF MUSKOGEE. •

No. 16036—Opinion Filed Dec. 22, 1925.

Rehearing Denied April 6, 1926.

**1. Subrogation—Rights of Surety Hypothecating His Property.**

One who hypothecates his property upon the request of another, for the benefit of the latter, becomes a surety for such person. The surety is entitled to be subrogated to all of the rights the creditor held against the debtor for such part of the indebtedness as the surety pays and satisfies pursuant to the contract of suretyship.

**2. Insurance—Life Policy—Loan Feature—Exclusive Right of Insured.**

A contract of insurance which provides for a scale of cash surrender values, and authorizes the insured to borrow money on the policy within the cash surrender values thereof, is an exclusive property right and privilege reserved to the insured, provided the terms of the policy do not require the consent of the beneficiary or assignee, for the insured to enjoy the privilege of the loan feature of the policy.

**3. Same—Hypothecation of Policy for Loan from Insurer—Rights of Beneficiary or Assignee as Surety Upon Death of Insured.**

The act of hypothecation of the insurance policy by the insured to secure a loan from the company pursuant to the loan feature of the policy, based upon the cash surrender values of the policy, does not create the status of suretyship in favor of the beneficiary or assignee of the policy, where the insurance company deducts the value of the loan from the policy upon the death of the insured, provided the contract of insurance does not require the insured to obtain the consent of the beneficiary or assignee to hypothecate the policy for the loan.

**4. Same.**

The statement of the rule in paragraph 3 presupposes that the terms of the policy and loan contract confined the insurance company to the cash surrender value of the policy for the satisfaction of the indebtedness, in the event of default in payment by the borrower and insured, and that the terms of the policy did not require the consent of the beneficiary or assignee of the policy for the insured to hypothecate the same for the loan.

**5. Same — Action by Heir of Assignee Against Estate of Insured for Amount of Loan Deducted from Policy — Sufficiency of Petition.**

Record, examined: held, that the plaintiff is the proper plaintiff to maintain the action; it is further held that the record does not support the ruling of the court in sustaining the general demurrer to the amended petition.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Ethel Stevens, a minor, by Kate Stevens Robertson, as her guardian, against the First National Bank of Muskogee, as executor of the last will and testament of Harry L. Stevens, deceased, for the allowance of a claim against estate of the decedent. Judgment for defendant upon demurrer to the amended petition, and plaintiff appeals. Reversed and remanded.

Crump & Seawell, for plaintiff in error.

Gidney & Gidney, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced her action against the defendant as the executor of the estate of Harry L. Stevens, deceased, for the allowance of a claim against the estate of the decedent. The court sustained a general demurrer to the amended petition of the plaintiff, and the latter has appealed the cause here for review of the action of the court thereon.

The plaintiff, for her cause of action, alleged in substance: (1) That the Mutual Benefit Life Insurance Company issued its life insurance policy to Harry L. Stevens in the sum of $5,000; that Rose L. Stevens, the wife of the insured, was named as beneficiary therein; that the policy is in the possession of the company, and the plaintiff is unable to attach a copy thereof to the petition. (2) That Harry L. Stevens, joined by his wife, Rose L. Stevens, assigned the policy on the 11th day of September, 1899, unconditionally to their son, Lawrence G. Stevens. (3) That Lawrence G. Stevens died prior to April 9, 1919, leaving Kate Stevens Robertson, his wife, and Ethel Stevens, a minor daughter, as his next of kin and heirs at law; that Kate Stevens Robertson assigned her interest in the insurance policy to her daughter. Ethel Stevens, on the 9th day of April, 1919. (4) That Harry L. Stevens died in the year 1923, leaving a will, wherein the First National Bank of Muskogee was named as executor: that the decedent left an estate more than sufficient to pay all indebtedness; that the First National Bank of Muskogee was appointed executor of the will of the decedent by the county court of Muskogee county. (5) That Harry L. Stevens during his lifetime borrowed a sum of money from

the Mutual Benefit Insurance Company, of Newark, N. J., and hypothecated the policy referred to herein to secure the loan; that the decedent failed to pay the loan during his lifetime, and that the loan with accrued interest amounted to the sum of $3,004.42 at the time of the death of the insured; that the insurance company deducted the latter sum from the face value of the policy, then in the sum of $6,273.04, and paid the balance of the policy to Ethel Stevens, the plaintiff herein. (6) That the mother of the plaintiff, as guardian for her, presented a claim to the executor for allowance against the estate of the decedent for the sum of money deducted from the policy on account of the loan: that the executor refused to allow the claim, and likewise the county court.

Thereafter, and within the time provided by statute, the plaintiff commenced her action against the executor in the district court for the allowance of the claim against the estate of the decedent, upon the ground that the payment of the loan resulted from a suretyship created between Lawrence G. Stevens and the decedent on account of both parties consenting to, and hypothecating the policy to secure the loan of the decedent from the insurance company. It is the contention of the plaintiff that upon the payment of the loan, she became subrogated to all the rights of the insurance company against Harry L. Stevens, and his estate, for the collection of the indebtedness. The contention presupposes that the relationship of creditor and debtor existed between the insurance company and Harry L. Stevens at the time of the death of the latter; that the insurance company was authorized by the terms of the policy and the contract to look to the policy as collateral security, and to the estate of the decedent for the indebtedness, or any remainder due upon the loan over the cash surrender value of the policy.

The policy was hypothecated with the insurance company pursuant to a contract in writing, subscribed to by the insured and Lawrence G. Stevens, the beneficiary and assignee. A part of the written assignment reads in the following language:

"If the interest shall not be paid when due, it shall be added to the principal, provided the entire indebtedness then outstanding shall be within the limit secured by the cash surrender value of the policy; otherwise, nonpayment of the interest shall render the policy null and void after one month's notice shall have been mailed to the last known address of the insured and assignee, if any."

The language of the written assignment indicates that the loan was within the cash surrender value of the policy in the first instance. The supposition is founded upon the language of the written assignment, to the effect that the interest on the loan, if not paid, shall become a part of the principal, provided the indebtedness, plus the accrued interest, did not exceed the cash surrender value of the policy. The written assignment further provided in substance that if the accrued indebtedness plus the interest should exceed the cash surrender value of the policy, it should operate to render the policy null and void, unless such excess indebtedness was paid, after one month's notice to the insured and beneficiary.

The defendant submits the proposition based upon the written assignment, that the loan did not create the relationship of creditor and debtor between the insurance company and the decedent; that the loan, pursuant to the terms of the policy, did not create a debt against Harry L. Stevens, for which the insurance company could look beyond the cash surrender value of the policy for the satisfaction of the indebtedness. Therefore, Lawrence G. Stevens did not become a surety for the payment of the indebtedness through the hypothecation of the policy with the insurance company, as collateral security for the payment of the loan. The defendant makes the point that Harry L. Stevens was exercising a property right, and privilege reserved exclusively to him by the terms of the policy, in exercising his right and privilege through the loan features contained in the policy. It is the contention of the defendant that the contract of insurance reserved to the insured the privilege of securing a loan, equal to the cash surrender value of the policy without the consent of the beneficiary or assignee; that the loan and its accrued interest were to remain within the cash surrender values of the policy at all times. The further contention of the defendant is that default in the payment of the loan and accrued interest pursuant to the policy and assignment operated to cause the satisfaction of the indebtedness by the cash surrender value of the policy.

The defendant submits the proposition that the insured was exercising and taking advantage of a property right and personal privilege reserved to him by the terms of the policy; and that the insured might exercise this privilege, hypothecate the policy to secure the payment of the loan, and settle and pay the loan by surrendering the policy, through the advantage of the cash surrender value thereon: that the insured might exercise these rights and privileges without

the consent of the beneficiary or assignee of the policy.

We would concede the propositions of law submitted by the defendant, if the policy by its terms and provisions created this right and privilege in favor of the insured which he might exercise without the consent of the beneficiary or assignee of the policy. The insured may exercise all the rights and privileges created and reserved to him by the policy as freely and fully as the beneficiary may do. The controversy between the parties to this action is governed and must be settled according to the contract of insurance and assignment. The provisions of the policy determine the legal rights between the parties to this action. Wagner v. Thieriot, 194 N. Y. S 610, 118 Misc. Rep. 511; Id, 197 N. Y. S. 500, 203 App. Div. 757; Id., 198 N. Y. S. 954; 206 App. Div. 608; Id, 142 N. E. 295, 236 N. Y. 588.

The defendant falls into error in assuming that the petition and exhibits support his contention that the insured might exercise his privilege and benefits of the loan feature without the consent of the beneficiary or assignee. The written assignment hypothecating the policy as collateral security for the loan was executed by the insured and beneficiary of the policy. The signature of the beneficiary to the written assignment presupposes the necessity for the consent of the beneficiary or assignee, for the insured to hypothecate the policy, in the absence of any further showing. It may be that the policy will bear out the contention of the defendant, but we have not the policy before us, as a copy was not attached to the petition. The purport of the amended petition and exhibits attached thereto is that the consent of the beneficiary of the policy was required in order to enable the insured to hypothecate the policy. If the terms of the policy and loan contract created the relationship of creditor and debtor between the insurance company and the insured, and it required the consent of the beneficiary to enable the insured to hypothecate the policy, then the beneficiary stood in the relation of a surety towards the holder of the insurance policy. This principle of law would apply, if the insured could not hypothecate the policy as collateral security for the loan made pursuant to the terms of the policy, without the consent of the beneficiary. Sections 5147 and 5157, C. O. S. 1921; In Re Blanchard, 253 Fed. 758.

The defendant makes the further point that the plaintiff is not authorized to maintain this action; that the action ought to be maintained by the personal representative of her deceased father, who was the unconditional assignee of the policy. The answer to this proposition is that the assignee was not seized of the right of action or claim against Harry L. Stevens during the lifetime of the former. Therefore, the personal representative of the estate of Lawrence G. Stevens did not succeed to any right of action against the estate of Harry L. Stevens, for the reason that the right of action did not exist at the time of the death of Lawrence G. Stevens, and so far as this record shows, no administrator was ever appointed for the estate of Lawrence G. Stevens.

The death of Lawrence G. Stevens is but an incident involved in the course of the matters which gave rise to the action of plaintiff against the defendant. If a right of action exists against the defendant, it arose through the taking of the property of this plaintiff, and not of the property of Lawrence G. Stevens, to satisfy the loan. If a personal representative was appointed for the estate of Lawrence G. Stevens, so far as we may know by the records, the estate of Lawrence G. Stevens was closed and terminated before any right of action in this case arose in favor of the plaintiff and against the estate of Harry L. Stevens, if the right of subrogation exists in this case in favor of the plaintiff for the payment of the loan in question. Therefore, the plaintiff, as beneficiary of the policy through the several assignments, may maintain the action as an heir of the surety, if this relationship existed between Lawrence G. Stevens and the insured. Snider v. Greathouse, 16 Ark. 72, and see footnote to case of Nelson v. Webster (Neb.) 68 L. R. A. 513. As the assignment from the insured and the beneficiary named therein, who was his mother, was unconditional to Lawrence G. Stevens, the latter became vested with all the beneficial interests in the policy which might have been enjoyed by his mother, if she had remained the original beneficiary. Devine v. Connecticut Mut. Life Ins. Co., 59 Okla. 192, 159 Pac. 435.

The court committed reversible error in sustaining the general demurrer to the amended petition in its present condition, for the reasons heretofore given.

The cause is reversed, and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 414. (2) 37 C. J. p. 423, § 124. (3) 37 C. J. p. 432, § 141. (4) 37 C. J. p. 605, § 391.