Irving A. Green, J.
In this proceeding for the judicial settlement of the final account of the administrator, objections have been filed on behalf of various persons and a corporation, all of whom claim to have an interest in the estate of the named decedent. Objections to the account have been filed on behalf of Bernard Kessler, Esq., and Intra-State Investigation Services, Inc. Paragraph 14 of their objections sets forth the claim and the nature thereof of objectant Kessler, as follows: "14. That Bernard Kessler, Esq. rendered legal services to the said Jean Bach (now deceased wife of the named decedent, who survived him) for which she, her heirs, successors and assigns are responsible for representing her in the County Court, County of Dutchess, Supreme Court of the State of New York, Appellate Division, Court of Appeals in the sum of $25,000.00 and such claim is not set forth on Schedule B-l of the said account.”
Paragraph 15 of their objections sets forth the claim and the nature thereof of objectant, Intra-State Investigation Services, Inc., as follows: "15. That Intra-State Investigation Services, Inc. rendered investigative services to the said Jean Bach for which she, her heirs, successors and assigns are responsible for investigative services and disbursements in the sum of $7,200.00 and such claim is not set forth in Schedule B-l of the said account.”
Objections to the account have been filed on behalf of Ida Still. One of such objections is based upon her alleged claim against this estate expressed in paragraph 16 of such objections, as follows: "16. That Ida Still made a loan to the said Jean Bach for which she, her heirs, successors apd assigns are responsible in the sum of $2,250.00 and such claim is not set forth on Schedule B-l of the said account.”
The foregoing objections are insufficient, as a matter of law, either to constitute proper objections to the account filed herein or to confer upon such objectants, with respect to the foregoing claims, any status to interpose objections to the account herein. Indeed, that intervention by such objectants to assert such alleged objections to the account herein are impermissible appears to be recognized by the objectants at para *481 graph 9 of the affidavit of the objectant, Bernard Kessler, affirmed January 20, 1975, submitted in support of their cross motion herein and in opposition to the motions of other of the parties. The law, of course, is clear that creditors of an estate beneficiary are not competent parties in an accounting proceeding and may not file objections therein. (4A Warren’s Heaton, Surrogates’ Courts, § 379, par 6, p 71-64; Matter of Linkins, 195 App Div 565; Matter of Riegel, 165 Misc 265; 28 Carmody-Wait 2d, New York Practice, § 166:173.) The foregoing claims asserted as objections to the account herein are, at most, of persons claiming to be creditors of a claimed beneficiary of this estate, to wit, Jean Bach, against whom objectant, Ida Still, asserts an unpaid loan and for whom objectants, Bernard Kessler and Intra-State, assert performance of services which remain unpaid. It is not disputable that the services which comprise the claims of Kessler and Intra-State were rendered subsequent to the death of Jean Bach’s husband# the decedent herein; and no claim is made that the decedent was, or is, responsible for such payment. The filed objections expressly limit responsibility for the claimed payment of such services to Jean Bach and "her heirs, successors and assigns.”
The branch of the motion of the administrator to strike out the notice of appearance in this accounting proceeding on behalf of Bernard Kessler, Esq., individually, and Intra-State Investigation Services, Inc., and to dismiss the objections filed on their respective behalfs, hereby is granted. The branch of the motion of the administrator to strike the notice of appearance on behalf of Ida Still is denied. The branch of the motion to dismiss the objections to the account of Ida Still is granted to the extent of dismissing her objection set forth at paragraph numbered 16 of the objections filed on her behalf herein and is otherwise disposed of as hereinafter set forth.
It is not disputed that the death of the decedent was brought about in the course of an act involving his surviving spouse, Jean Bach, who is herself now deceased. At the time such act occurred, the decedent and his wife were owners, as tenants by the entirety, of a house and lot located at Hyde Park, New York. Following the death of the decedent, the then surviving wife, Jean Bach, executed and delivered a deed of such premises to Ida Still, her sister. Thereafter, by virtue of a deed of conveyance jointly executed by Ida Still and the administrator herein, such property was sold in the course of *482 administering this estate, and the proceeds of such sale, by agreement of the parties, are being held in the estate account subject to the further order of the Surrogate. The second rider to the sale contract further recites: "That it is represented to the purchasers that the estate of Alfred Bach, Ida Still, and the mother of the said Alfred Bach are the sole persons with an interest or in possession of the fee simple absolute, and that all of the purchase money shall be held by said administrator subject to a final determination of the respective interests of the distributees”.
In his moving papers, the administrator asserts that the death of the decedent came about as the result of an act of homicide committed by his wife, Jean Bach. The affidavit of Bando J. Caruso, Esq., sworn to January 14, 1975, in support of his motion, on behalf of next of kin of the decedent, again asserts that decedent’s surviving spouse, Jean Bach, "willfully and wrongfully killed her husband (decedent)”. Upon the omnibus cross motion made by the administrator of the estate of Jean Bach, it is requested that this court "necessarily” make a determination as to the rights and claims of Jean Bach in and to the estate of the decedent, i.e., whether or not she has forfeited her interest in decedent’s estate and that a trial on such issue be had.
The general rule, of course, is that no party may profit from his or her own wrong. The leading case on the subject is Riggs v Palmer (115 NY 506, 511), wherein the court eloquently articulated the principle involved: "No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime.”
As stated by the court in the Riggs case, these maxims are dictated by public policy and have their foundation in universal law. The rule has been broadened so that the wrong need not have been committed with a view to the acquisition of the victim’s property or even with a design to bring about his death. (Matter of Sparks, 172 Misc 642; Matter of Drewes, 206 Misc 940.) It has recently been held that the commission of an "intentional felony” is not an essential element to constitute forfeiture. (Matter of Wells, 76 Misc 2d 458.)
The papers submitted upon these applications include a certified copy of indictment No. 84/65 of Dutchess County, returned against said Jean Bach, accusing her of the crime of murder in the first degree in bringing about the death of the *483 named decedent on or about May 5, 1965; and the order of the Dutchess County Court, dated March 27, 1972, disposing of said indictment by finding the accused guilty, by plea of guilty, to the crime of manslaughter, first degree, and her conviction of such crime by virtue thereof. Thus, the issue of whether Jean Bach, by reason of her act in bringing about the decedent’s death, had forfeited any right of succession to the title of the real property involved by reason of survivorship is critical to the determination of Ida Still’s claim to its sale proceeds. (See Bierbrauer v Moran, 244 App Div 87.) Manifestly, unless Jean Bach was seized in fee with respect to such property at the time of her conveyance thereof to Ida Still, her deed of conveyance could not vest in Ida Still the title of such property or any right to its sale proceeds. Additionally, were it determined that Jean Bach was such a wrongdoer as to have brought about her forfeiture, the rights of her nominees, though not privy to the wrong, nonetheless would be divested. (Pertie v Chase Manhattan Bank, 33 NY2d 846.)
The issue of forfeiture on the part of Jean Bach also is critical to the determination of the objections to the account herein filed by the administrator of the estate of Jean Bach, namely, James Connolly, her surviving spouse, who claims to be her sole distributee.
In a recent case, S. T. Grand, Inc. v City of New York (32 NY2d 300), the court terminated the viability of the rule pronounced in Schindler v Royal Ins. Co. (258 NY 310), to the effect that a criminal conviction was prima facie evidence, but not conclusive proof, of its underlying facts, in a subsequent civil action. In S. T. Grand, Inc. (supra), the court set forth the present rule to be that a criminal conviction is conclusive proof of its underlying facts and is a proper subject of collateral estoppel in subsequent civil litigation. However, in that case, the conviction came about as the result of a trial at which, the court observed, the accused was afforded a full and fair opportunity to contest the charge; and the accused had the benefit, among others, of the requirements of proof beyond a reasonable doubt and a unanimous verdict by a jury.
In this proceeding, however, the conviction is predicated upon a plea of guilty and not upon a unanimous jury verdict after a plenary trial of the charge. In the more recent case of Vavolizza v Krieger (33 NY2d 351, 355-356) the court had occasion to clarify its decision in the S. T. Grand, Inc. case as follows: "We held recently in S. T. Grand, Inc. v City of New *484 York (32 NY2d 300) that a criminal conviction could serve as collateral estoppel insofar as the same issues were revived in subsequent civil litigation. Emphasis, of course, was placed on the procedural safeguards accorded defendant and the high degree of proof required in order to convict after trial. We did not hold in that case, nor do we in this one, that a conviction after a plea of guilty can serve as a bar to subsequent civil litigation on the theory that the issues presented in the civil trial were, or could have been, litigated in the criminal proceeding.”
It is, therefore, clear that our highest court enunciated the present rule of collateral estoppel as respects the underlying facts of a criminal conviction in reliance upon the safeguards vouchsafed to persons accused of crimes in the course of a plenary trial upon an accusatory instrument. A plea of guilty necessarily is not surrounded by all such safeguards; it does not bring into action, or available action, in behalf of the accused, the collective, unanimous judgment of impartial jurors who have sifted the actual evidence adduced to support the crime charged and applied the degree of proof thereto which the law requires for conviction. Collateral influences or apprehensions not necessarily rooted in guilt of the crime charged can bring forth from an accused a plea of guilty. Although the command of the statute (CPL 1.20, subd 13) is that a conviction means the entry of a plea of guilty to an accusatory instrument, it fairly cannot be said to preclude the litigation of those underlying issues raised in the accusatory instrument in subsequent civil litigation between different parties whose legal or property rights depend upon the plenary resolutions of such issues. By her plea of guilty, the accused foreclosed the resolution of these underlying facts under the safeguards which our highest court has expressed to be a requirement to clothe a criminal conviction with that stability and finality which gives rise to a collateral estoppel.
Accordingly, item numbered 1 of the objections filed on behalf of Ida Still and items numbered Third, Fourth, Fifth, Seventh and Eleventh of the objections filed on behalf of the administrator of the Estate of Jean Bach will be determined following a plenary hearing to determine whether the acts and conduct of Jean Bach in connection with the death of her then husband, the decedent herein, constituted a forfeiture by her of any right or interest in his estate and assets. Upon *485 such hearing, the administrator of the estate of Jean Bach is, of course, an interested party.
The accountant herein has included, as an asset of the estate, the proceeds of a Travelers Insurance policy No. G187500 issued upon the life of the decedent, having as its named primary beneficiary, said Jean Bach. Objections to the inclusion of such policy proceeds in this estate have been filed by the administrator of the estate of Jean Bach (items Second, a portion of Sixth, Eighth, Tenth, and a portion of Eleventh). There is now pending undetermined in the Supreme Court of Dutchess County a stakeholder’s action (CPLR 1006) bearing index No. 1966/1469, between the Travelers Insurance Company, as plaintiff, and the administrator of decedent’s estate, Jean Bach, and the named contingent beneficiaries as defendants upon the subject policy. An order of said court, bearing date July 19, 1967, directed the policy proceeds be paid over to the Treasurer of Dutchess County whereupon the plaintiff became discharged from any liability to any of the parties to such action. Such order determined the action only insofar as the stakeholder plaintiff is concerned. The action continues between the different defendants for the determination of their respective and conflicting claims. (6 Carmody-Wait 2d, New York Practice, §§ 40:32, 40:39.) The action has not been transferred to this court. (See SCPA 501.) Since the estate of the decedent is not the designated beneficiary or contingent beneficiary of this life insurance policy, it is not an asset of the estate and may not receive its proceeds. (Wagner v Thieriot, 118 Misc 511, affd 203 App Div 757, affd 236 NY 588; Matter of Ross, 254 App Div 805; Matter of Johnson, 124 Misc 498; 3 Warren’s Heaton, Surrogates’ Courts, § 228, par 2; Matter of Kaplan, 49 Misc 2d 335.) The objections to inclusion in the account, as filed herein, of the aforesaid proceeds from the life insurance policy, as an asset of this estate, filed by the administrator of the estate of Jean Bach, set forth above, are sustained. The determination of the person or persons entitled thereto shall be determined in the aforesaid pending action in the Supreme Court wherein jurisdiction over such issue now reposes. The accountant shall amend his account accordingly.
Excepting only objection numbered 1, (and number 16 hereinabove dismissed) all other of the objections filed on behalf of Ida Still are dismissed. The interest of Ida Still, if any, in the estate of the decedent is limited to the real property and its sale proceeds. All other of the objections filed on her behalf, if *486 sustained, would not benefit Ida Still. Under such circumstances, their interposition is impermissible. (Matter of Woods, 36 AD2d 880; Matter of Lawrence, 271 App Div 897, app dismd 297 NY 596.) With respect to her objection numbered 1, the court makes no disposition thereof at this time and reserves its determination with respect thereto until the threshold issue of the status of Jean Bach vis-á-vis the estate of this named decedent is first determined.
With respect to the objections filed on behalf of the administrator of the estate of Jean Bach, the court makes no disposition thereof at this time except as hereinbefore expressly stated and otherwise reserves its determination with respect to the objections until the threshold issue of the status of Jean Bach vis-á-vis the estate of this named decedent is first determined.
A demand for jury trial has been filed and is opposed. Since the hearing to be held upon the specified objections will determine the status of Jean Bach, at the time of her late husband’s death, with respect to his estate, the issue is not triable by jury. My learned colleague, Surrogate DiFalco, in Matter of Fay (70 Misc 2d 51, 52, affd 41 AD2d 703), pointed out that: "Long prior to 1914 the Surrogates [without a jury] had jurisdiction to determine the necessary parties in a special proceeding, the status of a widow, her right to participate in the distribution of the estate, and her right to serve as a fiduciary (Jessup’s Surrogate’s Practice [4th ed, 1912], § 96, p 94).”
The demand for a jury trial with respect to the hearing herein directed to be held is denied.
All applications to examine the accountant herein with respect to his account are denied without prejudice to their renewal upon determination, after the hearing directed to be held, of the aforesaid issue of forfeiture.
The hearing shall proceed on the 9th day of April, 1975, at 10:00 a.m. All parties are directed to present their proofs upon said hearing in support of their respective claims and contentions upon the issue to be determined thereat.
Upon oral argument of these applications request was made that this court take judicial notice of the records of the County Court of Dutchess County. While a court will take judicial notice of its own records, it is preferable that formal proof of the records of proceedings in other actions in other *487 courts be presented and introduced in evidence. (See Berger v Dynamic Imports, 51 Misc 2d 988.)
The relief sought upon all other branches of the motions and cross motions not herein determined or reserved for future determination is now denied.