Irving A. Green, J.
In this accounting of Lawrence M. Klein and Empire National Bank, as executors of the estate of John A. Naughton, Sr., Abraham Kopald, a partner in the former law firm of Kopald & Klein, attorneys for the petitioners, submitted a decree requesting among other, things, that executors’ commissions due Lawrence M. Klein, a former partner of said firm, be paid to the former firm of Kopald & Klein, at 298 Main Street, Highland Falls, New York, 10928, on the ground that pursuant to agreement between the said former partners, executors’ commissions earned by members of the firm became the property of the firm. A counterproposed decree submitted by Lawrence M. Klein and supported by Empire National Bank, requests among other things, payment of Klein’s executors’ commissions to Lawrence M. Klein individually. A purported "claim and notice of lien” thereafter filed by Kopald & Klein was promptly rejected by Lawrence M. Klein. "Objections” to the rejection of the "claim” thereafter filed by Kopald & Klein was likewise promptly rejected and returned by Lawrence M. Klein and Empire National Bank. The purported "claim” and "objections” to the rejection thereof merely reiterate the contention that commissions due Lawrence M. Klein, as coexecutor, should be paid to the firm of Kopald & Klein.
*531 The jurisdiction of this court to intervene in partnership affairs is limited to only certain classes of cases. (See Matter of Kalik, 178 Misc 607.) For example, it has been held to be the duty of a surviving partner who is also an executor, to account in the Surrogate’s Court. (Matter of Hearns, 214 NY 426, 434.) Here, however, the partnership claim asserted bears no relation to the affairs of a decedent. Clearly, the Surrogate’s Court has no jurisdiction to determine a controversy between former partners concerning partnership property in which partnership the decedent had no interest. (1 Warren’s Heaton Surrogates Courts [6th ed], § 35, subd [g].)
In general, it is only the beneficiary himself or a creditor of the estate who may object. Kopald & Klein assert no claim against the estate. Even assuming by virtue of his commissions that Lawrence M. Klein is a beneficiary herein, the law is clear that creditors of an estate beneficiary are not competent parties in an accounting proceeding and may not file objections therein. (Matter of Bach, 81 Misc 2d 479, affd 53 AD2d 612.)
In Matter of Bartholomew (45 Misc2d 815) Surrogate Hildreth held that a law partnership designated as executor was ineligible to receive letters testamentary because it was not a "person” under SCPA 707. Ipso facto, if a law partnership cannot serve as executor, executors’ commissions cannot be paid to a law partnership.
Accordingly, the counterproposed decree has been signed herewith.