Millard L. Midonick, S.
In this accounting proceeding, the executors have moved to dismiss the objections of Rose Fraenkel, a legatee of $5,000 and an income beneficiary of a preresiduary trust of one million dollars under article sixth of the decedent’s will.
The primary objection relates to income payable out of the estate to the trust’s income beneficiaries, including the objectant, during the period from December 2, 1974, the date of decedent’s death, to April 2, 1976, the date of the complete funding of the trust principal. Schedule K of the accounting states that income was payable out of the estate during this period to the trust’s income beneficiaries under the provisions of EPTL 11-2.1 (subd [d]). Objectant claims that the method used for determining the share of income payable to the trust beneficiaries was incorrect and violative of EPTL 11-2.1 (subd [d], par [2]). That section provides that, unless the will provides otherwise, income earned after the date of death and before distribution of principal is to be distributed to all beneficiaries of trusts created under the will, "in proportion to their respective interests in the undistributed assets of the estate computed at times of distribution on the basis of inventory value; provided, however, that the amount of income earned during the further administration of the estate from and after the date of payment of any estate * * * tax shall be distributed to such beneficiaries in proportion to their respective interests in the undistributed assets of the estate after the making of such payment on the basis of the fair market value of such assets immediately after the making of such payment.”
In Schedule K of the account, the executors computed the proportionate share of income by revaluing the assets on hand after each payment of estate taxes (which reflects the diminution of the estate attributable to the payment of expenses, debts and some legacies). However, general legacies exceeding $400,000 were not paid by the executors until after the trust was completely funded in April, 1976 and the will specifically provided that no interest is payable to the general legatees by reason of such late payment of the legacies. In computing the proportionate share of income due the one million dollar *146 preresiduary trust, the executors did not deduct these legacies from the assets on hand since these legacies had not been paid. This trust represented a smaller fraction of the estate than it would have, had the legacies been deducted from the assets on hand. This trust accordingly received a smaller portion of the income. The objectant contends that the legacies must be treated as having been paid out of the residuary at the date of death (which was not the actual case) and thus the residuary should have received a smaller share of the income than it actually did.
The court cannot agree with the contentions of the objectant. The statutory provision abrogates the rule enunciated in Matter of Shubert (10 NY2d 461) which induced the provision. (Hoffman, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 11-2.1.) Prior to the statute, and its predecessor statute (Personal Property Law, § 27-d), under the common law of New York, all estate income earned during administration was allocable to the residue (Matter of Benson, 96 NY 499; Matter of Phillips, 128 Misc 896). Matter of Shubert (supra) held that distribution of income is not to be affected by apportionment of taxes. The statute was enacted so that, if the estate tax payment is chargeable to some of the beneficiaries only, then allocation of income earned after the payment of estate tax will be made on the basis of the altered respective interests of the beneficiaries. There is no support for the objectant’s position that an allocation be made as if legacies had been paid at the date of death when they were not so paid. Such an allocation would give the preresiduary trust a windfall at the expense of the residuary which prior to the statutory change would have received all of the income. Moreover, as is shown in the executor’s papers, the one million dollar trust received income at a rate of almost 5% (mostly tax exempt) which is a reasonable rate of return.
The objectant has also objected to the payment of administration expenses set forth on Schedule C of the account. The objectant has no interest in the principal of the estate, except for the $5,000 legacy which has been paid in full to her. She would not benefit from the sustaining of the objections to the payment of principal administration expenses. Accordingly, her objections to Schedule C must be dismissed. (Matter of Woods, 36 AD2d 880; Matter of Bach, 81 Misc 2d 479, affd 53 AD2d 612.)
*147 Accordingly, all objections of Rose Fraenkel are dismissed and the petitioners’ motion is granted in all respects.