■ SIDNEY SCHOCKET, Appellant, v STANLEY C. SAMUEL, Defendant, and HOLSON COMPANY, Respondent.—In an action, *inter alia,* on a contract, plaintiff purports to appeal from: (1) a decision of the Supreme Court, Queens County, dated January 28, 1977, which granted the motion of defendant Holson Company to dismiss the complaint as against it; (2) a judgment of the same court, entered March 7, 1977, which dismissed the complaint as against Holson Company; (3) an order of the same court, dated March 17, 1977, which denied his motion to reargue; and (4) a decision of the same court, dated May 6, 1977, which denied his second motion to reargue. (Holson Company previously moved this court to dismiss these appeals. The motion was denied by an order dated August 3, 1977, with leave to renew upon the argument or submission of the appeal. Holson Company has renewed its motion.) Appeals dismissed, with one bill of $50 costs and disbursements. What is designated in plaintiff's notice of appeal as an "order" of January 28, 1977 is actually the decision granting Holson Company's motion to dismiss; an order was entered thereon on February 18, 1977. Copies of the February 18 order and the judgment of March 7, with notice of entry, were served upon the attorney for plaintiff on or about March 1, 1977 and March 28, 1977, respectively. The third item sought to be appealed from is denominated in the notice of appeal as a "decision" of March 17, 1977. In fact, this paper is an order denying reargument. Plaintiff's notice of appeal was served and filed on or about May 18, 1977. Though in a proper case we could deem the notice of appeal amended so as to cure the noted defects (see CPLR 5520, subd [c]), (1) the appeals from these papers are untimely, copies thereof with notice of entry having been served upon counsel for plaintiff on or about March 1, 1977, March 28, 1977, and April 4, 1977, respectively, and (2) no appeal lies from an order denying reargument. The fourth and final item sought to be appealed from is denominated in the notice of appeal as an "order" of May 6, 1977. In fact, this paper was a decision, from which no appeal lies (see CPLR 5512). Although an order on this decision was entered May 19, 1977 and, in a proper case we could deem the notice of appeal amended so as to reflect a viable appeal in this respect (see CPLR 5520, subd [c]), the order denied a motion for reargument and such an order is not appealable. Hopkins, J. P., Damiani, Gulotta and Hawkins, JJ., concur.