OPINION OF THE COURT
John M. Keane, S.
Evelyn B. Kirkman died November 8,1981, a victim of a homicide. Her husband, Albert J. Kirkman, was convicted on June 4, 1982 of murder in the second degree for that homicide.
On December 21, 1981, the last will and testament of Evelyn B. Kirkman was admitted to probate in this court. Under its terms, her husband, Albert J. Kirkman, was the sole beneficiary.
One of her sons by a former marriage, Hayden Allan Collins, was named as executor of the will and letters testamentary were issued to -him on December 21, 1981.
This proceeding was brought by the executor for a determination that Albert J. Kirkman is disqualified from receiving any benefits under the last will and testament of Evelyn B. Kirkman, deceased, by reason of his conviction for her homicide.
The guardian ad litem for Albert J. Kirkman, who is currently incarcerated as a result of the sentence imposed following his conviction, was also his attorney in the homicide trial. The guardian ad litem argues strongly that a hearing de nova should be conducted by the Surrogate in which Albert J. Kirkman will be entitled to plead the *279 defense of insanity and, if successful, will not be disqualified from receiving everything under the will.
In the trial for the murder of his wife, the defense of insanity was not interposed because Mr. Kirkman denied any involvement in the death of his wife. The guardian ad litem argues that he is not foreclosed from raising the defense of insanity in this proceeding. In effect, the guardian ad litem wishes to retry the homicide case with a defense based on insanity this time instead of the defense of no involvement, which was unsuccessful in County Court.
The following language appears in Matter of Nicpon (102 Misc 2d 619, 620): “It is well settled and established that one may not inherit or succeed to property as a result of his own wrongful act (Riggs v Palmer, 115 NY 506, 511-512). Likewise, a wrongdoer’s estate may not benefit from the wrongful act (Bierbrauer v Moran, 244 App Div 87; Matter of Pinnock, 83 Misc 2d 233).”
One of the decisions cited by the guardian ad litem to support his contention is Matter of Bobula (19 NY2d 818). It was stipulated there that the husband had shot his wife and then shot himself so that at the time of the litigation, both parties were deceased. The controversy involved the disposition of certain assets owned by them jointly.
The Court of Appeals in a 4-to-3 decision (p 819) remanded the matter “to the Surrogate’s Court, Erie County, to determine whether the killing herein occurred under circumstances which would exculpate the killer from criminal liability, e.g., if he were insane.” The Court of Appeals continued that (p 819) “[i]f it be determined that he was legally insane and there could have been no successful prosecution of John Bobula had he lived, then the property should be distributed as originally provided for by the Surrogate.”
The guardian ad litem’s reliance on Matter of Bobula (supra) is misplaced. The point of Matter of Bobula (supra) is not to have a hearing to determine if decedent was insane, but to determine if there were circumstances that' would exculpate the killer from criminal liability. That has been answered here. A jury has found Albert J. Kirkman guilty of second degree murder.
*280 Here the factual situation is different from many cases. Here the husband has survived. This situation is more akin to Matter of Nicpon (supra) in that respect.
In Vavolizza v Krieger (33 NY2d 351) and Matter of Bach (81 Misc 2d 479) there was involved a plea of guilty rather than a verdict of a jury after a full trial. This court interprets Matter of Bach (supra) to require a plenary hearing on status in Surrogate’s Court because a guilty plea was involved and no trial was afforded the claimant. That is not the case here.
The court determines that no hearing de nova is required. The court further determines that the defense of insanity cannot be raised in this court by Albert J. Kirk-man. The court determines that Albert J. Kirkman, by reason of his conviction for murder in the second degree, is disqualified from receiving any benefits under the last will and testament of Evelyn B. Kirkman, deceased.
Because of the language of her will, the court finally determines that Evelyn B. Kirkman died intestate as to the property owned by her at the time of her death and her distributees other than her husband, Albert J. Kirkman, shall succeed to said property.