■ In the Matter of the Estate of JAMES F. FREEMAN, Deceased. [606 NYS2d 1019] —Order unanimously affirmed without costs. Memorandum: The notice of appeal states that the appeal is taken from the decision of Surrogate Mattina, dated April 30, 1993 and entered June 7, 1993. The law is settled that no appeal lies from a decision *(see, People ex rel. Aguilar v Kelly,* 143 AD2d 535; *Kuhn v Kuhn,* 129 AD2d 967; *Schicchi*

*v Green Constr. Corp.,* 100 AD2d 509; *Matteson v Matteson,* 40 AD2d 1079). Nonetheless, we exercise our power, in the interests of justice, to treat the notice of appeal as a premature notice of appeal from an order of the Surrogate's Court, dated July 6, 1993, entered upon the April 30, 1993 decision *(see,* CPLR 5520 [c]; *cf., Scott v Vassar Bros. Hosp.,* 133 AD2d 76, 77; *Schocket v Samuel,* 66 AD2d 817). The record demonstrates that respondent was not a party who would benefit by the objections that she filed to the accounting, even if sustained *(see, Matter of Woods,* 36 AD2d 880; *Matter of Lawrence,* 271 App Div 897, *appeal dismissed* 297 NY 596; *Matter of Bernstein,* 91 Misc 2d 144, 146; *Matter of Bach,* 81 Misc 2d 479, 485-486, *affd* 53 AD2d 612). Thus, respondent's objections were properly dismissed. We have reviewed respondent's remaining contentions and we find each one to be lacking in merit. (Appeal from Order of Erie County Surrogate's Court, Mattina, S.—Estate Settlement.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.