■ UTICA MUTUAL INSURANCE COMPANY, Appellant, v McATEER & FITZGERALD, INC., et al., Defendant. (Appeal No. 1.) [911 NYS2d 540]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered August 7, 2009 in a breach of contract action. The order denied the motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the determination that plaintiff's release of defendant Michael J. McAteer without reserving any rights against the remaining defendants reduced their liability, and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order denying its motion for summary judgment on the complaint in this breach of contract action. We affirm. Contrary to its contention, plaintiff failed to establish its entitlement to judgment as a matter of law with respect to defendants' alleged failure to remit to plaintiff certain premiums collected on its behalf (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Further, plaintiff failed to meet its burden of establishing that its interpretation of the reinsurance contract, i.e., that it obligates defendants to act as guarantors of any unpaid premiums owed by third parties, is the only reasonable interpretation thereof (see Arrow Communication Labs. v Pico Prods., 206 AD2d 922, 923 [1994]). Although plaintiff met its burden of establishing that defendants were obligated to repay plaintiff for excess commissions, defendants raised a triable issue of fact in opposition to the motion with respect to the amount of those excess commissions (see generally Zuckerman, 49 NY2d at 562). Contrary to plaintiff's further contention, defendants sufficiently pleaded the affirmative defense of setoff (see generally 115 Austin Ave, LLC v City of Yonkers, 37 AD3d 684 [2007]), and Supreme Court therefore properly concluded that any issue with respect thereto should be resolved at trial.

We conclude, however, that the court erred in determining that plaintiff's release of defendant Michael J. McAteer without reserving any rights against the remaining defendants reduced their liability pursuant to General Obligations Law § 15-105, and we therefore modify the order accordingly. Although only the court's decision but not the order on appeal expressly sets forth that determination, it is well established that where there

is a discrepancy between the order and the decision, the decision controls (*see Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]). We note that defendants never moved for summary judgment on that issue, and we conclude that there are triable issues of fact with respect thereto inasmuch as the record does not establish to what extent, if any, McAteer was a co-obligor for the purposes of that statute. Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.