# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

51

CA 12-01283

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ESTATE OF SHIRLEY G.
SCHULTZ, DECEASED.
-------------------------------------------
REBECCA J. EVERETT, CO-EXECUTOR OF THE
ESTATE OF SHIRLEY G. SCHULTZ, DECEASED,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

PAUL F. SCHULTZ, II, CO-EXECUTOR OF THE
ESTATE OF SHIRLEY G. SCHULTZ, DECEASED,
OBJECTANT-APPELLANT.

---

FLAHERTY & SHEA, BUFFALO (MICHAEL J. FLAHERTY OF COUNSEL), FOR
OBJECTANT-APPELLANT.

GEORGE W. NARBY, BUFFALO, FOR PETITIONER-RESPONDENT.

---

Appeal from an amended order of the Surrogate's Court, Erie
County (Barbara Howe, S.), entered October 13, 2011. The amended
order, insofar as appealed from, granted the motion of petitioner for
summary judgment, dismissed the objections of objectant and settled
the final account of petitioner.

It is hereby ORDERED that the amended order insofar as appealed
from is unanimously reversed on the law without costs, the motion is
denied, the objections to the account filed by objectant are
reinstated, ordering paragraphs three through seven are vacated and
the matter is remitted to Surrogate's Court, Erie County, for a
hearing on the objections.

Memorandum: Objectant is both a beneficiary and a co-executor of
the last will and testament (Will) of his mother (decedent), who was
survived by six adult children. Letters testamentary were issued to
objectant and petitioner, his sister, who is also both a beneficiary
and a co-executor of the Will. The Will specified that, due to the
fact that decedent had previously deeded real property to objectant
and a third sibling, she bequeathed to them only tangible personal
property, with certain exceptions. Petitioner and the three remaining
siblings were the beneficiaries of decedent's residuary estate.

When informal attempts to settle the estate failed, petitioner
filed a petition for judicial settlement, to which was attached her
final account. Objectant filed two objections to the final account,
contending first that it did not contain a statement of the tangible
personal property bequeathed to him and the third sibling, and second

that it did not contain a statement of all uncollected debts due to decedent. Specifically, objectant alleged that decedent had loaned the sum of $65,000 to one of the beneficiaries and that there remained a balance on that loan of approximately $50,000.

The day before the scheduled hearing on the petition, Surrogate's Court, sua sponte, canceled the hearing on the ground that objectant lacked standing to file the objections. Petitioner thereafter moved for summary judgment dismissing the objections and for judicial settlement of her final account. Objectant opposed the motion, and two of the other residuary beneficiaries cross-moved to revoke their previously executed releases and to join in the objections. In a memorandum and order, the Surrogate granted the motion and denied the cross motion. The Surrogate thereafter issued an order and an amended order that, inter alia, settled the final account but did not specifically address the cross motion. Inasmuch as a decision controls an order in the case of a discrepancy (*see Utica Mut. Ins. Co. v McAteer & FitzGerald, Inc.*, 78 AD3d 1612, 1612-1613), we conclude that the cross motion was denied. In any event, because only objectant has filed a notice of appeal, any issue with respect to the propriety of the denial of the cross motion is not before this Court. We conclude that the Surrogate erred in granting the motion.

"Although, generally, all persons required to be served with process in an accounting proceeding may file objections, this is not always so since the court will not permit objections to be filed where the objecting party will not be benefitted by them, even if sustained" (*Matter of Woods*, 36 AD2d 880, 880; *see Matter of Freeman*, 198 AD2d 897, 898, *lv denied* 83 NY2d 751, *cert denied* 513 US 838). Were objectant not a co-executor of the Will, we would agree with the Surrogate that he lacks standing to file any objection related to petitioner's failure to include the alleged debt in the accounting; the inclusion of the debt in the estate would affect only the residuary beneficiaries and not objectant (*see Freeman*, 198 AD2d at 898; *Woods*, 36 AD2d at 880). With respect to the tangible personal property, however, resolution of that objection could inure to objectant's benefit, and objectant therefore has standing, as a beneficiary of the Will, to assert that objection (*cf. Freeman*, 198 AD2d at 898; *Woods*, 36 AD2d at 880).

Regardless of his standing as a beneficiary, we conclude that objectant has standing, as a co-executor of the Will, to file both objections. An executor is a fiduciary who owes "a duty of undivided loyalty to the decedent and ha[s] a duty to preserve the assets that [decedent] entrusted to them" (*Matter of Donner*, 82 NY2d 574, 584; *see Matter of Carbone*, 101 AD3d 866, 868), and "an executor's duties are derived from the will itself, not from the letters issued by the Surrogate" (*Matter of Skelly*, 284 AD2d 336, 336). "Suffice it to say, an executor who knows that his co[-]executor is committing breaches of trust and not only fails to exert efforts directed towards prevention but accedes to them is legally accountable" (*Matter of Rothko*, 43 NY2d 305, 320).

Relying on *Matter of Miller* (NYLJ, Mar. 19, 2003, at 23, col 4),

the Surrogate concluded that, because there were no remaining creditors of the estate and all of the other beneficiaries had executed releases absolving objectant of liability, objectant no longer had standing as a co-executor to file any objections to petitioner's final accounting. We conclude that the Surrogate's reliance on *Miller* was misplaced. The issue in *Miller* was the *management* of assets that had already been identified and placed in a trust, whereas here the issue is an executor's duty to *identify* assets that should be included in an estate. In any event, inasmuch as *Miller* is a trial level decision that fails to address an executor's duty to a decedent, it does not control the outcome of this appeal.

Contrary to the Surrogate's conclusion, the mere fact that the estate has no creditors and objectant can no longer be sued successfully by any of the beneficiaries does not establish that he has fulfilled his fiduciary duty to the decedent and the estate so as to vitiate his standing to raise objections to the accounting filed by the co-executor. An executor's duty is not fulfilled merely because he or she has obtained releases from liability. The standard of care for a fiduciary cannot be set so low; rather, a fiduciary has a "duty of active vigilance in the collection of assets belonging to the estate" (*Matter of Belcher*, 129 Misc 218, 220 [Sur Ct, NY County 1927]; *see generally King v Talbot*, 40 NY 76, 85-86).

With respect to the remaining issues of estoppel, waiver and laches, even assuming, arguendo, that petitioner met her initial burden on those legal theories, we conclude that objectant raised triable issues of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We note in any event that, regardless whether the objections were properly filed or are barred by estoppel, waiver or laches, a Surrogate has an independent, statutory duty to "settle the account as justice requires . . . , [and] to require the Surrogate to 'rubber stamp' the account because the parties do not object to it would vitiate [that] statutory directive . . . Indeed, it would seem self-evident that if a [court] may not be compelled to enter a decree, then the court must have the correlative power to deny a decree or, when inquiry is warranted, to satisfy itself on questions arising during the proceedings" (*Matter of Stortecky v Mazzone*, 85 NY2d 518, 524; *see* SCPA 2211 [1]). Here, it appears that valid questions have arisen and that an inquiry into the accounting is therefore required. We therefore conclude that the Surrogate erred in granting the motion and dismissing the objections, and we reinstate the objections and remit the matter to Surrogate's Court for a hearing on the objections.

Entered:  March 15, 2013                         Frances E. Cafarell
                                                 Clerk of the Court