# CHARLESTON.

GEORGE MILLENSON, ETC. v. RUFUS LAMP

(No. 5243)

Submitted May 19, 1925.   Decided May 26, 1925.

SALES—*On Complete Breach of Implied Warranty of Fitness of Article, Buyer May Refuse to Complete Payments Under Contract Reserving Title.*

Where there is a complete breach of an implied warranty by the seller of the fitness of an article, the buyer may refuse to complete his payments thereon under a contract reserving title in the seller until the balance of the purchase price be paid, and may justify in detinue his detention of the article.

Error to Circuit Court, Mineral County.

Action by George Millenson, trading, etc., against Rufus Lamp. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Arthur Arnold, W. Elliott Nefflen,* and *Young & Lippel,* for plaintiff in error.

*William MacDonald,* for defendant in error.

HATCHER, JUDGE:

This is an action of detinue which is here on error from the circuit court of Mineral county. It was brought to recover the possession of a certain player piano, of the alleged value of $500.00. The defendant plead the general issue, and also a special plea, which was entitled "a plea of recoupment". This plea is as follows:

"The plaintiff in the above styled suit will please take notice that the defendant will rely upon the following facts and grounds by way of defense to this suit: that by contract of May 16th, 1923, the defendant purchased from plaintiff one Schubert Player Piano, at the price of $750.00 and as part payment exchanged one S. H. Colby

99 W. Va.

Piano at the price of $200.00 and has made payments on the said purchase aggregating $130.00, leaving a balance of $420.00; that the said Player Piano was to be in first-class condition, and as a matter of fact it was not in first-class condition, but was and is in very bad condition and cannot be used as a Piano; that the plaintiff has a number of times attempted to repair the said Piano, and that the said Piano is worthless as a Piano and no service can be had from it. And the defendant has been damaged by reason of the matters in this notice contained to the amount in the plaintiff's declaration.''

The plaintiff objected to the filing of, and demurred to the special plea, but the court permitted the plea to be filed and overruled the demurrer thereto. The plaintiff then joined issue on both pleas. By agreement of the parties a jury was waived, and the evidence heard by the court, who found for the defendant.

The evidence of the plaintiff is that on May 16th, 1923, he sold to the defendant a player piano for $750.00, on which was allowed a credit of $200.00 for an old piano of the defendant; that on the day of sale, the defendant paid him $50.00 cash and agreed to pay $20.00 a month until the balance of the purchase price was paid. A written contract signed by the defendant was introduced in evidence setting forth these terms, in which defendant also agreed that the title to the player piano remained in the plaintiff until it was fully paid for; that in case of non-payment of the monthly installments the plaintiff should have the right to recover the instrument and that all money paid by the defendant thereon should in such case be treated and retained by plaintiff as payments for the use and hire thereof. The plaintiff also stated that the defendant paid the monthly installments to and including September, 1923; that sometime thereafter, the plaintiff made a demand for the piano, which the defendant ignored, and that the balance due thereon was $420.00.

The evidence of the defendant is that he was without much experience with pianos, and relied solely on the representations of the plaintiff as to the instrument purchased; that

the plaintiff selected and recommended it to him as being far above the average, and as a first-class player piano; that within a few days after the instrument was placed in his home it "went bad;" it would "play one or two pieces and then stop;" that the defendant at once notified the plaintiff who came to see about the piano; that the plaintiff said. he found some little trouble, fixed it, and went away, but that the piano again got "bad" before the plaintiff "got off the place;" that the defendant notified the plaintiff again; that the plaintiff insisted the trouble was just temporary and from time to time sent several different men to repair it; that they had no success in repairing it and "it crippled on and crippled on and crippled on;" that he, defendant, had not gotten any service out of the instrument; that it could not then be used and that his refusal to pay the installments due after September, 1923, was because the piano was not what the plaintiff had represented it to be.

The wife of the. defendant confirmed his testimony as to the condition of the player piano, of the several attempts made by the plaintiff to repair it and of its general unsatisfactory service. Another witness for the defendant, who had long experience in handling and selling pianos stated that he had examined the player piano in question; that one of the pedals would not work, that there was lack of responsive action in the instrument and that the wholesale quotation on this particular player piano was $175.00.

The plaintiff based his claim of error upon the rulings of the lower court on the so-called plea of recoupment and the admission of evidence thereon. He relies on 18 C. J. 990; Shipman, Common Law Pleading, 289, and *Charleston Hardware Company* v. *Warner Elevator Co.* 79 W. Va. 216, the opinion in which states:

> "Detinue lies only to recover possession of a special chattel, a tangible thing, and no such defense as a cross-demand or recoupment can be made in such a case. The party suing is entitled to all or none of it."

Defendant's special plea was therefore not proper, if it be considered solely as a plea of recoupment. If it is, in fact,

a proper pleading, we will so regard it no matter what title was given it in the court below. Its propriety becomes apparent upon a brief adversion to the history of this proceeding.

Detinue is a common law action, and as such, it came to us under our Constitution, with all the rules applicable thereto under the common law. Our statutes have enlarged, but not otherwise changed this action. At common law, the defendant, in detinue, could justify his possession of the property by showing that the circumstances in the case, or the conduct of the plaintiff, made the plaintiff's recovery wrongful.

> "The defendant may deny that he converted or detained the goods in dispute, and thus put in issue * * * the circumstances alleged to make such act wrongful. In detinue the detention may be denied or justified."

27 vol. The Laws of England, par. 1610.

> "The plaintiff in an action of trover or detinue may be estopped by his conduct from setting up his title to the goods."

Idem. par. 1614.

Under common law pleading, any matter justifying the detention should be specially pleaded.

> "The plea of non detinet merely puts in issue the fact of detention. If the defense be * * * that the defendant was justified in detaining them, such a defense ought to be specially pleaded."

*Richards* v. *Frankum*, 6 M. & W. 420.

*Accord:* 6 Ency. Pl. & Pr. 654 and 656; 7 Standard Ency. of Procedure, 482; Hoggs' Pl. & Forms, par. 227.

We are therefore of opinion that while the special plea of the defendant is not good as a plea of recoupment, it is nevertheless good as a common law plea or notice of the defense relied on by the defendant.

We are also of opinion that the retention of the property by the defendant is justified under the common law by the evidence in the case. The defendant was a man without experience or information in regard to player pianos. The plaintiff knew the purpose for which this purchase was made. He selected and recommended to the defendant this special instrument. The defendant relied implicitly upon the representations of the plaintiff in regard thereto. Under these circumstances, .the law implied a warranty that this player piano would reasonably answer the defendant's requirements. An exhaustive citation of authority on this point may be found in the opinion of Judge RITZ in the case of *Schaffner* v. *Supply Co.,* 80 W. Va. 111. The conclusion of the court therein was:

> "Where the buyer of personal chattels discloses to the seller the particular purpose for which such goods are desired, and trusts to the latter's skill, judgment and experience as to what articles shall be furnished, and the seller accepts the order upon these conditions, there is an implied warranty that the articles supplied shall be reasonably fit and appropriate for the use to which they are intended to be applied."

The evidence in this case discloses that the player piano was not reasonably fit and appropriate for the use to which it was intended and applied. By reason whereof, there. was a breach of the plaintiff's implied warranty thereon. Because of such breach, the defendant had the right to stop his payments until the instrument should be put in reasonably fit and proper condition, without forfeiting his right to its possession. To hold otherwise would permit the plaintiff to profit by his own precedent breach of the contract.

The judgment of the lower court is therefore affirmed.

*Affirmed.*