# CHARLESTON.

### STATE *ex rel.* W. S. EMSHEIMER, *Admr. v.* WILLIAM A. DUGGAN *et al.*

### (No. 5576)

### Submitted September 21, 1926.  Decided October 5, 1926.

1. PRINCIPAL AND SURETY—*Where Surety on Bond of Special Commissioner Was Not Made Party to Bill of Review, in Which Principal Failed to Make Defense, and Decree of Sale Was Reversed, and Purchaser Later Proceeded Against Special Commissioners and Surety to recover Purchase Price, Such Surety May Make any Defense Which Its Principal Could Have Made (Code, c. 101, § 1, and chapter 132, § 8).*

   Where the surety on the bond of a special commissioner was not made a party to a bill of review in which its principal fails to make his defense, and the purchaser under the decree reversing the original decree of sale, in order to recover the amount of the purchase price decreed against the special commissioner in his favor, later proceeds in debt against said special commissioner and the surety on his bond, as such, said surety, under Code, Ch. 101, § 1, may make such defense in said action of debt as its principal could have made in the suit in which recovery against him was had. (p. 314.)

   (Principal and Surety, 32 Cyc. p. 136.)

2. SAME—*Surety, Sued on Bond of Special Commissioner by Purchaser to Recover Purchase Price, May Set up Defense Which Principal Could Have Set up in Suit by Bill of Review, in Which Surety Was Not Party, Under Separate or Joint Plea With Principal (Code, c. 101, § 1).*

   Such defense may be set up by the surety under a separate or joint plea with his principal.  (p. 315.)

   (Principal and Surety, 32 Cyc. p. 129.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Marshall County.

Action by the State, on the relation of W. S. Emsheimer, administrator, against William A. Duggan and others.  Judgment for plaintiff, and defendants bring error.

*Judgment reversed; verdict set aside; new trial awarded.*

*J. Howard Holt* and *Everett F. Moore* for plaintiffs in error.

*J. M. Ritz for defendant in error.*

WOODS, JUDGE:

On the 25th day of February, 1911, W. A. Duggan was appointed by the circuit court of Marshall County as special commissioner to sell certain real estate in a chancery suit then pending in said court, in which Joseph Emsheimer and others were plaintiffs and Annie Earnest and others were defendants. A sale was made, and by the court confirmed, November 9, 1912. But upon a bill in the nature of a bill of review, filed by infants some years later, this decree of sale, order of confirmation and deed made in pursuance thereof were, by decree entered September 14, 1917, all set aside and Duggan directed to refund the money to the purchaser at the judicial sale.

When Duggan was appointed as special commissioner the United States Fidelity & Guaranty Company went on his bond as such commissioner. During the interval that elapsed between the confirmation of the sale and the setting aside of the same Duggan had paid considerable costs of the suit. Gabe S. Emsheimer was the purchaser of the property sold by W. A. Duggan as such special commissioner, and the purchase money was ordered to be returned to him. No allowance was made to Duggan for the sums that he had already expended under the order of the court, and he was ordered to return the whole purchase money. This order was made September 14, 1917. Duggan did not return the $1200.00 because he claimed he was entitled to the credits for moneys paid out of this purchase fund by order of the court, part of which had been paid to Emsheimer himself. Gabe Emsheimer, the purchaser, died, and A. W. Emsheimer was appointed as executor of the will of Gabe S. Emsheimer, and he brought this suit in debt against William A. Duggan and the United States Fidelity and Guaranty Company, jointly, to recover the whole of the purchase money.

Two points of error were assigned in this case: (1) United States Fidelity & Guaranty Company should have been al-

lowed to plead and prove the payments made by Duggan before the decree was rendered against Duggan for the entire purchase money; and (2) several judgments on each of the two defendants should not have been rendered in the action.

The decree on the bill of review reversed the assailed decree upon the grounds that the said cause was not revived after the death of the owner of the real estate and that title and possession of said real estate was taken away from her heirs at law after title had vested in them without making them parties to the suit, and for other errors. The statute provides that if a sale of property be made under a decree or order of the court, and such sale be confirmed, though such decree or order be afterward reversed or set aside, the title of the purchaser at such sale shall not be affected thereby; but there may be restitution of the proceeds of sale to those entitled. Code, Chap. 132, § 8. Duggan was named a defendant to the bill of review. One of the allegations of this bill was to the effect that he had not paid out or disbursed the purchase money in his hands resultant from the sale of such property and that the same remained in his hands subject to the order of the court. This allegation was made in face of the fact of other averments in said bill to the effect that the decree confirming sale had directed Duggan to pay the costs of the suit, to keep the property insured and to pay the judgments which had been adjudged liens on the land in their order of priority. The bill of review was not filed until three years thereafter. Duggan made no defense and the bill was taken for confessed as to him. The decree, reversing the decree of sale in the former suit and the decree confirming such sale, directed that said special commissioner return to the purchaser the $1200.00 paid by him for said property. The statute heretofore referred to (Code, Ch. 132, § 8), has frequently been interpreted not to include sales made pursuant to an order or decree which is ineffectual because of want of jurisdiction of the parties whose rights are prejudiced. *Morgan* v. *Ice,* 81 W. Va. 545; *Calvert* v. *Ash,* 47 W. Va. 480; *Dunfee* v. *Childs,* 45 W. Va. 155; *Peck* v. *Chambers,* 44 W. Va. 270. But upon the question of the right of restitution it is not material whether the

judgment or decree is reversed or set aside because the court entering it erred or was without jurisdiction. *Simmons* v. *Simmons,* 91 W. Va. 32. It is very well established that a party who pays money under a judgment or decree which is subsequently set aside may have restitution. This restitution may be and perhaps most frequently is had in the suit or proceeding by which the decree is reversed, but where this is not done for any reason the party paying the money may maintain his action of assumpsit for money had and received. 2 R. C. L. 291, § 245; *Beard* v. *Beard,* 25 W. Va. 486; *Haebler* v. *Myers,* 132 N. Y. 363, 15 L. R. A. 588; *Cowdery* v. *Bank,* 139 Cal. 298, 96 A. S. R. 115, and note. In *Simmons* v. *Simmons, supra,* this court said: ''The basis of the doctrine of restitution is that when the decree under which the money has been paid has been set aside, the party who received the money has no basis for retaining it. He has received money of another to which he was not entitled.'' Was Duggan in a position to have obtained any relief in the suit in which the decrees were reversed? He was an officer of the court. He was directed to pay the money out and did so. Upon his showing to the court that he had paid out certain moneys, and to whom he had paid the same, the court, according to the rule we have announced, would have decreed that the parties to whom the money had been paid make restitution by paying the same into court to be applied as the court might direct. Duggan, as an arm of the court, could not have been required to pay money that he had disbursed under the direction of the court.

Having a right to make such defense, and failing to make it, is his surety estopped to defend? The surety was not made a party in the bill of review. Code, Chap. 101, § 1, provides: ''Notwithstanding such decree * * * the surety * * * shall be allowed to make any such defense in any action * * * instituted against him (principal) that could have been made in the suit in which such decree, judgment or recovery was had.'' The surety here sought to interpose the defense which its principal might have interposed in the suit in which the decree, or recovery was had, on which the pres-

ent action was based, by special pleas. These pleas were rejected by the court. One of the grounds urged against them is that they were joint. We think this ground is without merit. By the first special plea an offer was made to pay the balance of the purchase money amounting to $798.36, with interest from the 14th day of September, 1917, after deducting the payments out of such purchase money to the amount of $401.64, which he, acting in obedience to a decree of the court, had paid. The second plea was a plea of tender, averring that before the commencement of this suit the defendants were ready and willing, and tendered and offered to pay the plaintiff the sum of $1200, which plaintiff refused to accept. The third special plea was a plea of sets-off, in which the items of payment aggregating $401.64, referred to in plea No. 1, were enumerated. We are of opinion that these pleas were sufficient and that the court erred in striking them out.

As the case must be reversed for the above error, we will not go into any extended discussion of the second assignment of error, other than to say that the bond being a joint and several one the plaintiff may, at his election, treat the action as several against each. The defendants under these circumstances have no right to complain that the plaintiff took separate judgments as he might have done so if he had sued them separately. *Hoffman* v. *Bircher*, 22 W. Va. 552.

The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*