DAISY I. HUNTER *v.* MONROE COUNTY LUMBER
COMPANY *et al.*

(CC 646)

Submitted September 4, 1941. Decided September 23, 1941.

*O'Brien & O'Brien* and *James T. Miller,* for plaintiff.
*Lloyd Arnold,* for defendant.

LOVINS, JUDGE:

The Circuit Court of Marshall County has certified certain questions arising from its action in overruling the demurrer of J. W. Henderson, W. W. Henderson and Wm. M. Bloyd to a notice of motion for judgment, filed by Daisy I. Hunter. Mrs. Hunter asserted that judgment was rendered against her as surety for the defendants on a promissory note, that she has satisfied the judgment, and that she is now entitled to proceed by notice of motion for judgment against defendants under the provisions of Code, 45-1-4. The demurrer challenges the right of plaintiff to proceed under the statute cited, defendants claim-

ing that plaintiff did not occupy the position of surety for them.

It appears from plaintiff's notice that on April 22, 1933, C. H. Hunter executed two promissory notes in the amounts of $7,696.55 and $6,530.88, payable to himself or order four months after date, which notes were indorsed by Hunter and by plaintiff and Jane E. Hunter, now deceased, as accommodation indorsers. These notes were made for the sole purpose of settling certain threatened or pending suits on obligations of J. W. Henderson, Wm. M. Bloyd, G. F. Gray, W. W. Henderson, J. W. Garvin, Mentor Hetzer and C. H. Hunter. The notes were then delivered to W. W. Henderson by C. H. Hunter with the understanding that they were to be used for the purpose aforesaid. However, at a meeting of the directors of the Monroe County Lumber Company, on August 21, 1933, Henderson delivered the note in the amount of $7,696.55 to the officers of the Lumber Company, who, in the name of the company, indorsed the same to the order of J. L. Pyle and placed it with him as collateral security for the payment of a note in the amount of $6,000.00, executed on that date, payable to Pyle two years after date, with the Lumber Company, J. W. Henderson, Wm. M. Bloyd, G. F. Gray, W. W. Henderson, Estate of J. W. Garvin, deceased, by Clara W. Garvin, administratrix, and Mentor Hetzer as co-makers thereon. Present at the meeting were J. W. Henderson and Mentor Hetzer, president and secretary of the Lumber Company, respectively, Wm. M. Bloyd, G. F. Gray and W. W. Henderson. This delivery and negotiation of the Hunter note was without knowledge or consent of the maker or the indorsers thereof, and in violation of the aforementioned agreement. Before maturity of the principal note, Pyle proceeded against the committee of the maker and the indorsers of the Hunter note by notice of motion for judgment to collect the amount due and owing on the principal debt; and on July 6, 1935, judgment was rendered for Pyle against plaintiff and the executrices of the will of Jane E. Hunter, for the sum of $5,983.22, the amount then due Pyle on the principal

note. On the 12th day of May, 1937, plaintiff paid Pyle the judgment and interest, amounting to $6,641.58.

The notice further alleges that the Lumber Company paid no consideration for the Hunter note, that neither Hunter nor the indorsers on his note were indebted to the Lumber Company at the time W. W. Henderson delivered the Hunter note to the company, that the Lumber Company had knowledge through its officers and agents of the circumstances surrounding the execution of the Hunter note and Henderson's lack of title thereto, and that the Lumber Company was not a holder in due course. From the facts thus alleged in the notice, plaintiff claims that she became a surety for the Monroe County Lumber Company, J. W. Henderson, Wm. M. Bloyd, G. F. Gray, W. W. Henderson, Estate of J. W. Garvin, deceased, and Mentor Hetzer, for payment of the principal note of $6,000.00 to J. L. Pyle.

As hereinbefore indicated, the principal question raised by the demurrer is whether the remedy provided by Code, 45-1-4, as amended by Chapter 39, Acts 1935, is available to plaintiff under the allegations of her notice of motion for judgment.

Prior to the amendment of 1935, in practically the same language as that of the Virginia Code of 1849, the statute provided that "any person liable as bail, surety, guarantor or endorser, or any sheriff liable for not taking sufficient bail, or the committee, heir or personal representative of any so liable" upon payment of a judgment rendered on account of such liability might proceed by motion "against any person against whom * * * right of action exists for the amount so paid." These provisions would seem to require that from the allegations of the notice in such a proceeding, it be shown that the plaintiff occupied the status of bail, surety, guarantor or indorser, as sheriff liable for not taking sufficient bail or as committee, heir or personal representative of one so liable. The plaintiff herein does not assert that there was an express contract of suretyship nor could such contract be established under the facts alleged in the notice. However, plaintiff claims that an implied contract of suretyship arose from

Henderson's action in turning the Hunter note over to the Lumber Company for its negotiation as collateral security for the payment of the Pyle note, and that the surety in such an implied relationship may proceed under the statute in question.

In view of the amendment of 1935, we do not believe a discussion of implied suretyship necessary, except to say that an accommodation indorser of a note pledged as collateral security has the rights of a surety. *Eberhart* v. *Eyre-Shoemaker, Inc.*, 78 Ind. App. 658, 134 N. E. 227; *O'Connor* v. *Morse*, 112 Calif. 31, 44 Pa. 305, 53 A. S. R. 155; *Mathews* v. *Mathews*, 128 Maine 495, 148 Atl. 796; *Owen County State Bank* v. *Guard*, (Ind.) 26 N. E. 395; *Stevens* v. *Bank*, 117 Okla. 148, 245 Pac. 567. The amended statute contains this language: "The provisions of this section are cumulative, and are intended to protect the right of *any person secondarily liable* to the extent to which he has satisfied the obligation of the person primarily liable." The plaintiff was placed in a position of secondary liability when the note upon which she was accommodation indorser was negotiated to Pyle as collateral security for the defendants' note. By reason of such liability, plaintiff has been forced to pay defendants' obligation to Pyle. We believe that the plaintiff is clearly within the class of persons contemplated by the legislature in that portion of the amendment last quoted herein, and for whose protection the statute is made available.

The allegations of the notice of motion for judgment show that the plaintiff had paid a judgment rendered against her by reason of her liability as accommodation indorser on a note pledged as collateral security for the payment of a debt which was primarily owed by the defendants. Treating these allegations as true, we are of opinion that the plaintiff may proceed against the primary debtors in the manner authorized by Code, 45-1-4, as amended and re-enacted by Chapter 39, Acts 1935, and hence we deem it unnecessary to discuss the other contentions of the defendants.

The ruling of the trial court is, therefore, affirmed.

*Affirmed.*