STATE *ex rel.* COUNTY COMMISSION OF JACKSON COUNTY

*v.*

JAMES VERNON MCCOY, EVELYN POLING

*and* WESTERN SURETY COMPANY

(No. 13711)

Decided July 12, 1977.

*Larry L. Skeen* for appellant.

*Samuel Snyder* for appellee.

McGRAW, JUSTICE:

In this action, on appeal and supersedeas from the Circuit Court of Jackson County, the County Commission of Jackson County seeks to recover the sum of $24,474.63 from the defendants, James Vernon McCoy, former sheriff of the county, Evelyn Poling, a former duputy sheriff of the county, and Western Surety Company, surety on the bonds of the two county officials. The County Commission claims that for the four year term, January 1, 1969, through December 31, 1972, during which time the defendant sheriff and his duputy were responsible for collecting and for the custodial handling of the county's tax revenues and other public funds, an audit by the State Tax Commissioner showed a shortage of $24,474.63, the sum sought to be recovered from the defendants in this action.

The complaint charges that the officials "did each breach the conditions of his and her respective bond and as a result thereof, the Plaintiff has lost and sustained damage in the total sum" of $24,474.63. The defendants filed and served separate notices of bona fide defenses. Defendant Western Surety Company filed its separate answer and its cross-claim against defendants McCoy and Poling. Defendant McCoy filed his separate answer to the complaint and to the cross-claim of Western Surety Company. Defendant Poling filed her motion to dismiss the complaint and for a more definite statement and her answer to Western Surety Company's cross-claim. When her motion to dismiss was denied, she filed her separate answer. The trial court's order of July 7, 1975, ordered plaintiff to supply to defendant Poling, on or before July 11, 1975, "an itemized statement of account of plaintiff's claim against the defendant, Evelyn Poling, together with a statement of the basis of plaintiff's claim against this defendant." The trial court further ordered that "similar 'More Definite Statement of Facts' be served on counsel for defendant McCoy." Plaintiff's response to the motion for a more definite statement was filed July 11, 1975. Paragraph (d) thereof

is a summary statement of the monies as shown by the books in the sheriff's office but the summary can hardly be considered an "itemized statement of account" as required by the trial court's order of July 7, 1975. On September 8, 1975, plaintiff filed a motion for summary judgment against defendants McCoy and Western Surety Company for the sum of damages claimed in the complaint, $24,474.63, or, in the alternative, for a partial summary judgment on liability if the trial court finds an issue of fact remains as to the amount of damages.

On September 17, 1975, defendant McCoy filed his response to plaintiff's motion for summary judgment and filed therewith his own affidavit and the affidavit of defendant Poling, who had been primarily responsible for handling the public funds of the sheriff's office during defendant McCoy's term as sheriff. Defendant Poling's affidavit recites she underwent a serious operation in August of 1975 and was recuperating but had not been physically able to conduct an audit or assist another person in conducting an audit of the public funds of the sheriff's office here in controversy. The trial court heard arguments on the motions for summary judgment on September 19, 1975, and granted the motion on liability and the amount of damages. The order thereon was entered October 3, 1975, awarding judgment against defendants McCoy and Western Surety Company for the sum of $28,512.96, including the $24,474.63 claimed in the complaint, together with interest at 6 percent from December 31, 1972. The appeal from that order is now before the Court for review.

The primary issue for consideration and determination is whether the trial court's ruling in granting plaintiff's motion for summary judgment was correct. Rule 56(c), R.C.P., relating to summary judgments, provides that

"... The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law...."

In *Aetna Casualty and Surety Co. v. Federal Insurance Company of New York.* 48 W. Va. 160, 133 S.E.2d 770 (1963), point three of the syllabus, the Court held:

> "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

In the same decision, in point six of the syllabus, the Court held:

> "A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment."

The Rules of Civil Procedure are to be construed to "secure the just, speedy, and inexpensive determination of every action." While a speedy and inexpensive determination of an action is commendable, a just determination is primary and is not to be sacrificed or minimized by hurried clearing of pending litigation on court dockets.

In this action the complaint alleges that defendants McCoy and Poling breached the conditions of their bonds and "as a result thereof, the Plaintiff has lost and sustained damage in the total sum" of $24,474.63. The trial court denied a motion to dismiss the complaint because of its inadequacy, but directed plaintiff to supply defendants with a more definite statement of facts on which the action was based. The court's order included the requirement that plaintiff supply defendants with "an itemized statement of the plaintiff's claim against" the defendants Poling and McCoy. Plaintiff filed its "answer" to the motion for a more definite statement. In paragraph (d) of the answer, plaintiff makes a short summary of the financial accounting involved but the summary falls greatly short of an itemized statement of the account required by the court's order.

Plaintiff's motion for summary judgment was filed September 8, 1975, but the affidavits filed therewith did not provide the audit report of the State Tax Commissioner. The tax examiner's affidavit states he audited the accounts during the months of April, May and June, 1973. The trial court heard the motion for summary judgment on September 19, 1975, indicating in the course of the hearing that defendants had had ample time to inspect the records as to any shortage in the accounts. The court granted the summary judgment on liability and the amount of damages.

Several factors warrant consideration. Defendant Poling underwent surgery for cancer in August of 1975 and was unable to examine the records or to assist in an examination thereof. She was the deputy sheriff in charge of the tax department and public funds in the sheriff's office while defendant McCoy was sheiff of Jackson County. The audit report of the State Tax Commissioner appears to be a key document in this litigation. It is referenced in three affidavits supporting plaintiff's motion for summary judgment but was not furnished therewith as required by Rule 56(e). The itemized statement of account of plaintiff's claim, required by the trial court's order of July 7, 1975, was not furnished to defendants in a form and content informative of the details or bases of plaintiff's claim. The summary judgment was granted by the trial court on the tenth day after the motion therefor was filed. In consideration of defendant Poling's disability and surgery, following plaintiff's filing of its more definite statement of facts on July 11, 1975, and defendant McCoy's lack of familiarity with the public funds accounting details during his term of office, the time factor is somewhat consequential since it appears the tax examiner from the tax commissioner's office required some three months for his audit. Moreover, the summary judgment motion was directed at defendant McCoy and the surety on his bond and did not embrace defendant Poling, the deputy sheriff directly responsible for the accounting services in the sheriff's office during defendant McCoy's term. Discovery procedures are

available to defendants under the Rules of Civil Procedure but the early and prompt operation of these procedures may not have been adequately productive for defendants in the time lapse here involved.

Plaintiff's motion for summary judgment contemplated a judgment on liability and amount of damages, or, in the alternative, for judgment on liability if the court finds any issues of fact remain as to the amount of damages involved. The motion was supported by four affidavits. One affidavit is by the tax examiner, J. Rector Britton, who states he conducted an audit of the accounts of the sheriff of Jackson County for the period of time from July 1, 1969, through December, 1972; that he has studied the document entitled "Audit Report of the Jackson County Sheriff July 1, 1969 through December 31, 1972", and that the audit report is a true and accurate statement of the results of his audit. The audit report document is not presented with his affidavit as required by Rule 56(e), R.C.P. State Tax Commissioner Richard L. Dailey's affidavit likewise refers to the audit report but does not include a copy thereof with his affidavit. The affidavit of Sheriff Charles C. Coffman, defendant McCoy's successor as sheriff of Jackson County, refers to the official audit by the State Tax Commissioner's office but does not include a copy of the audit with his affidavit. The affidavit of Freda Wilson, deputy sheriff responsible for the sheriff's tax department as successor to defendant Poling, states she prepared a cash reconciliation report for the month of January, 1973, which showed receipts in excess of cash in hand and on deposit in the sum of $24,474.63. It will be noted that her report is for the month of January, 1973, not a part of defendant McCoy's term as sheriff. Also, it will be noted that the audit report of the State Tax Commissioner, not furnished with the affidavits as required by Rule 56(e), covers the period of time from July 1, 1969, through December, 1972, and does not purport to cover the first six months of defendant McCoy's term as sheriff and the financial status of the public funds accounts at the beginning of his term.

Two affidavits were filed in support of defendants' answer to the motion for summary judgment. Defendant McCoy's affidavit states his belief that he is entitled to examine the audit report of the State Tax Commissioner, on which three of plaintiff's affidavits are based, and to examine the records in the office of the sheriff of Jackson County in order to make a judgment on the merits of plaintiff's claim for damages. Defendant Poling's affidavit states she, as deputy sheriff under Sheriff McCoy, was responsible for the public funds accounting during their term of four years in office, that the State Tax Commissioner's audit report is not a true and accurate statement of the accounts, that to establish her position she will need to have access to the records in the sheriff's office, and that, in August of 1975, she underwent a serious operation, has been recuperating, and had not, at the time, been physically able to make an audit or to assist another person in so doing.

The trial court's order granting summary judgment for plaintiff rests on the pleadings, four affidavits supporting plaintiff's position, and two affidavits supporting the position of defendant McCoy. Plaintiff's position is supported by four affidavits whose weight and value, for the purpose intended, are not adequate to sustain its burden to show "that there is no genuine issue of fact to be tried" and to dissolve doubts as to the existence of any such issues. *Aetna Casualty and Surety Co. v. Federal Insurance Company of New York, supra.* In 73 Am. Jur. 2d, *Summary Judgments,* § 18 (1974), is the following summary statement of law on the weight and value of such affidavits:

> "The Federal Rule and similar state rules provide that supporting and opposing affidavits in a summary judgment proceeding shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein, and that sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be at-

tached thereto or served therewith, but that the court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. Since the affidavits must be positive and based on the personal knowledge of the affiant, affidavits that allegations are true to the best of affiant's knowledge and belief are insufficient. It has been held that the affidavit must not only be on the personal knowledge of the affiant but should so state, so that the court will not have to speculate as to whether the affiant could establish the facts stated in his affidavit if he were to testify on the witness stand. Affidavits containing merely hearsay do not of course meet the requirement of knowledge, and affidavits which set forth only conclusions, opinions, or ultimate facts are insufficient."

The motion for summary judgment is directed at defendant McCoy and the surety on his bond, not at defendant Poling, the deputy in the sheriff's office in charge of the accounting services. Shortly before the motion for summary judgment was filed and heard, defendant Poling underwent major surgery and was physically unable to make a personal audit or to assist defendant McCoy or others in making an audit of the public funds accounts in issue. The failure of plaintiff to include with its supporting affidavits the audit report of the State Tax Commissioner's office, as required by Rule 56(e), omits from the record an important document. The Tax Commissioner's audit does not purport to cover the first six months of defendant McCoy's term as sheriff, nor does it purport to show the status of the public funds accounts at the close of the previous sheriff's term and at the beginning of Sheriff McCoy's term. The affidavit of Freda Wilson, the deputy sheriff in charge of the tax department and accounting services following defendant McCoy's term, relates to the status of the public funds of the sheriff's office for the month of January, 1973, a month after defendant McCoy's term had ended, and avers her inability to balance the books because of "lack of funds disclosed" in her cash reconciliation re-

port for that month. Her affidavit makes no averment as to the amount of funds lacking or as to the nature of the shortages, whether in tax revenues or other public funds areas. The colloquy between the trial judge and the attorneys, at the hearing on the motion for summary judgment, indicates the court's belief that defendant McCoy had adequate time and means to ascertain the nature and extent of the lack of funds charged against him and his deputy.

The complaint claims damages to the extent of $24,474.63 with interest and costs. The defendants' answers deny the claim and their liability. Plaintiff's supporting affidavits tend to support the claim. Affidavits of defendant McCoy and Poling deny any knowledge of facts or information on which the claim is based and express the belief that they should have an opportunity to examine the audit report of the tax examiner and the records in the sheriff's office in order to ascertain facts and information as to the claim. Upon the record, it is not clear that there is no genuine issue of fact to be tried and it is not clear that inquiry concerning the facts is not desirable to clarify the issues. Plaintiff as movant has the burden to show that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant. *Aetna Casualty and Surety Co. v. Federal Insurance Company of New York, supra.* Accordingly, the judgment order of the Circuit Court of Jackson County, entered on October 3, 1975, granting plaintiff's motion for summary judgment is reversed and this cause is remanded to the trial court for further proceedings and action consistent with the foregoing opinion.

*Reversed and remanded.*