Pamela Lynn Pauley

*v.*

David Joe Pauley

(No. 14446)

Decided March 18, 1980.

*John E. Dorsey* for appellant.

*William W. Pepper* for appellee.

Per Curiam:

This is an appeal by Pamela Lynn Pauley from a decision of the Circuit Court of Boone County overruling her petition for modification of a divorce decree and denying her Rule 60(b) motion to vacate that decree.

On December 15, 1975, the appellant, Pamela Lynn Pauley, sued her husband, David Joe Pauley, for divorce. During the proceedings in the case the parties entered into a settlement agreement which provided, in part, that:

> "The party of the second part [David Joe Pauley] will pay unto the party of the first part [Pamela Sue Pauley] the sum of $6,500.00, upon the entry of a final divorce decree, said payment to be payment in full for all alimony due the party of the first part and all child support due for the support of said Tracy Dawn Pauley [the couple's child]; the party of the first part hereby

> expressly waives any future demands for alimony from the party of the second part and hereby agrees to hold harmless said party of the second part for any child support he may ever have to pay for the support of the said Tracy Dawn Pauley."

During a subsequent hearing the appellant acknowledged to the court that she had agreed to the lump-sum payment and that she had also agreed never to seek additional child support for the child on her own behalf. At the conclusion of the hearing the court awarded the appellant a divorce. The court's divorce decree, entered on March 24, 1976, contained the lump-sum child support provision.

On August 31, 1976, the appellant petitioned the circuit court for modification of the divorce decree to provide for periodic child support payments. She alleged that there had been a change in the circumstances of the parties which justified the award for the additional child support payments. Later she filed a motion under Rule 60(b) of the Rules of Civil Procedure to set aside the divorce decree. In support of her position she filed an affidavit alleging that, in spite of the wording of the agreement, $5,000.00 of the $6,500.00 lump-sum payment made by her ex-husband was made in consideration of her transferring to him her interest in a certain parcel of real property. The affidavit also alleged that her attorney in counseling her regarding the divorce had collaborated with her husband and had not fully informed her of the nature of her rights and the nature of the settlement agreement.

After the filing of the appellant's motion, hearings were conducted in the Circuit Court of Boone County. However, during those hearings, only procedural points were discussed. No evidence was taken on alleged change in the circumstances of the parties. Likewise, no evidence was taken on the alleged collaboration of her attorney with her ex-husband or on the allegation that $5,000 of the $6,500 lump-sum payment provided for in the agreement was consideration of a transfer of proper-

ty. At the conclusion of a hearing conducted on July 27, 1977, the circuit court entered an order denying the appellant's petition for reopening and her motion to vacate the judgment under Rule 60(b).

An examination of the affidavit filed by the appellant in support of her petition for modification and her 60(b) motion indicates that she raised two questions of fact material to her contention that the divorce decree should be set aside or modified. First, she alleged that through collaboration with her attorney during the divorce proceedings her husband had misled her and the court regarding the true nature of the $6,500 lump-sum "child-support" payment. This was an allegation in the nature of fraud and under Rule 60(b) of the W.Va. R.C.P. would have, if proven, supported the setting aside of the decree. Second, she alleged a change of circumstances which if proven would have supported a modification of the child support provisions of the decree under *W.Va. Code*, 48-2-15.

In Syllabus Point 3 of *Aetna Casualty and Surety Co. v. Federal Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), we stated:

> "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

*Gavitt v. Swiger*, ____ W.Va. ____, 248 S.E.2d 849 (1978); *Consolidated Gas Supply Corp. v. Riley*, ____ W.Va. ____, 247 S.E.2d 712 (1978); *Cassella v. Weirton Construction Co.*, ____ W.Va. ____, 241 S.E.2d 924 (1978); *State ex rel. County Commission of Jackson County v. McCoy*, ____ W.Va. ____, 236 S.E.2d 217 (1977).

Because the appellant raised questions of material fact as stated above, we conclude that under our holding in *Aetna, supra,* the circuit court erred in granting the appellee's judgment without taking evidence on the questions of whether or not the divorce decree had been

procured by fraud and whether or not there had been such a change in the circumstances of the parties as justified a modification of the child support provisions of the decree.

The judgment of the Circuit Court of Boone County is, therefore, reversed, and this case is remanded for the taking of evidence on the substantive questions raised in the appellant's petition for modification and her Rule 60(b) motion.

*Reversed and remanded.*