291 S.E.2d 670

**STATE ex rel. COUNTY COMMISSION OF JACKSON COUNTY, etc., Appellee,**

v.

**James Vernon McCOY, et al., Defendants Below, Western Surety Company, Appellant.**

**STATE ex rel. COUNTY COMMISSION OF JACKSON COUNTY, etc., Plaintiff Below,**

v.

**James Vernon McCOY, Appellee Western Surety Company, Appellant.**

Nos. 14500, 14501.

Supreme Court of Appeals of West Virginia.

March 26, 1982.

Rehearing Denied May 27, 1982.

Harry B. Lambert and A. G. Thompson, Charleston, for appellant.

Richard S. Stephenson, Ripley, for Jackson County, County Commission.

Larry L. Skeen, Ripley, for James Vernon McCoy.

MILLER, Chief Justice:

This appeal by Western Surety Company [hereinafter Western Surety] is from orders of the Circuit Court of Jackson County denying its motions for reimbursement and restitution from its creditor, the Jackson County Commission [hereinafter Commission], and denying its motion for judgment against its principal, James Vernon McCoy, the former sheriff of Jackson County. For the reasons set out below, we affirm.

This action was instituted in 1975 by the Commission against James Vernon McCoy, the former Sheriff of Jackson County, his deputy and Western Surety, the surety on the official bond of both officials, to collect a shortage in the Sheriff's account. Western Surety cross-claimed against the Sheriff and his deputy and the Commission moved for summary judgment. The trial court granted summary judgment in favor of the Commission, holding Sheriff McCoy and Western Surety jointly and severally liable. The Sheriff elected to appeal and the circuit court stayed execution of the judgment as to the Sheriff for sixty days to allow an appeal to this Court. Western Surety chose not to appeal.

While the Sheriff's appeal was pending, the Commission demanded payment of the judgment by a certain date or otherwise it would cause execution and suggestion to issue upon Western Surety's resident agents. According to the affidavit of counsel for Western Surety, the county clerk informed him that Western Surety would not be accepted on any official bond as long as the judgment remained unpaid. Because of the foregoing actions of the Commission and the county clerk, Western Surety paid the judgment.

Subsequent to Western Surety's payment, this court reversed the award of summary judgment against the Sheriff in *State ex rel. County Commission v. McCoy,* 160 W.Va. 540, 236 S.E.2d 217 (1977), and remanded the case for further proceedings. Following remand, Western Surety made a written demand that the Commission prosecute its pending suit against the Sheriff and filed motions seeking reimbursement and restitution * from the Commission. Western Surety also sought a judgment against the Sheriff pursuant to the provisions of W.Va.Code, 45–1–4, which permits recovery by a surety who is forced to pay his principal's obli-

---

* These terms are used interchangeably by Western Surety and for this case we treat them as the same since "restitution" is a broad term based on principles of unjust enrichment. 66 Am. Jur.2d *Restitution and Implied Contracts* § 4 (1973); *cf. State ex rel. Emsheimer v. Duggan,* 102 W.Va. 312, 135 S.E. 270 (1926).

gation. *Perkins v. Hall*, 123 W.Va. 707, 17 S.E.2d 795 (1941). The circuit court by order denied relief.

■ Western Surety contends it was entitled to restitution on the grounds that it paid the judgment to the Commission under duress. We find no merit to this argument because we do not believe the circumstances under which Western Surety paid the judgment constitute duress. Western Surety neither appealed from the original judgment holding it jointly and severally liable, nor sought a stay of the judgment against it. Consequently, the Commission's threat to execute on the judgment was not duress but the exercise of a valid legal right.

■ The authorities relied on by Western Surety in support of its claim of restitution against the Commission are factually inapposite and, while little law has been located on the question presented here, we are of the view that a surety has no equitable or legal right to recover from a judgment creditor the amount that it paid pursuant to a judgment against it and its principal, where that judgment is later reversed on appeal as to the principal but which judgment was never appealed by the surety. *Garr v. Martin*, 20 N.Y. 306 (1859); 72 C.J.S. *Principal and Surety* § 295 (1951). Western Surety's remedy is not restitution from the Commission; its remedy is reimbursement from its principal, the Sheriff.

■ Nor could Western Surety demand that the Commission proceed against the Sheriff under W.Va.Code, 45–1–1. Upon payment of the judgment, Western Surety was by operation of law substituted to and became the owner of all rights and remedies of the Commission against the Sheriff. W.Va.Code, 45–1–4. This law is set out in the Syllabus of *Myers v. Miller*, 45 W.Va. 595, 31 S.E. 976 (1898):

> "Sureties on the official bond of a sheriff, upon being compelled to make good the default of their principal, will, by the fact of payment, become equitable assignees, and be subrogated to the position of the State in respect of all its securities, liens, and priorities, for the

purpose of enforcing reimbursements from their principal."

Consequently, from the date of its payment Western Surety has had the right to prosecute its cross-claim against the Sheriff in the circuit court, and the Commission no longer has had any right of action against the Sheriff.

■ Western Surety did not seek to prosecute the cross-claim but instead moved the circuit court for the entry of a judgment against the Sheriff. This could not be done since this court had in the Sheriff's appeal overturned the judgment. *State ex rel. County Commission v. McCoy, supra.* Moreover, it could not proceed to utilize the judgment obtained by the Commission on which it had paid since this judgment was extinguished by Western Surety's payment of it. This Court has so held in Syllabus Point 1 of *Greenbrier Valley Bank v. Holt*, 114 W.Va. 363, 171 S.E. 906 (1933), which involved a surety:

> " 'The payment of a judgment by any one of the judgment debtors extinguishes the judgment at law, and a creditor may not sell a judgment to one of the judgment debtors so as to keep it alive at law.' *Grizzle v. Fletcher*, 127 Va. 663, 105 S.E. 457."

It is true that we have construed W.Va. Code, 45–1–4, to permit one who is secondarily liable, such as a surety, to proceed after judgment against the principal debtor utilizing the original judgment as a basis of its claim. *Hunter v. Monroe County Lumber Co.*, 123 W.Va. 479, 16 S.E.2d 618 (1941). We did not in *Hunter* discuss any of the procedural ramifications of this statute. Certainly, W.Va.Code, 45–1–4, must be read *in pari materia* with W.Va.Code, 45–1–5, as this latter section permits the principal debtor to maintain certain defenses against the surety that he could have maintained against the original creditor. We need not discuss this arcane area any further. The law that has been cited or found by us is not particularly helpful as to the facts of this case. It is sufficient to state that a surety cannot obtain a judgment against his principal upon motion un-

**177**

der W.Va.Code, 45–1–4, where the principal's judgment has been reversed.

Of course, Western Surety is not without ultimate recourse. It may proceed on its cross-claim against the Sheriff and prove the defalcation and the amount thereof. Since the orders appealed from were correctly decided, we affirm the trial court but remand the case to permit Western Surety to proceed on its cross-claim.

Affirmed.