332 S.E.2d 237

**QUEEN CITY NOVELTY COMPANY, a Corp.**

v.

**Leo RHODES and Wilma Rhodes, His Wife.**

**No. 16422.**

Supreme Court of Appeals of West Virginia.

June 26, 1985.

John Rogers, II, Keyser, for appellant.

Daniel C. Staggers, Staggers, Staggers & Webb, Keyser, for appellee.

PER CURIAM:

This is an appeal by Wilma Rhodes, widow of Leo Rhodes,[1] from an order of the Circuit Court of Mineral County entered on August 4, 1983, granting a motion for summary judgment made by the plaintiff, Queen City Novelty Company. The appellant contends that at the time of the entry of summary judgment, genuine issues of material fact remained in the case and that,

therefore, the entry of summary judgment was improper. We agree.

Mr. and Mrs. Rhodes were the owners of a business in Ridgeley, West Virginia, known as "Frank's Tavern." In 1973 they sold the tavern to Larry Baker. Mr. Baker financed most of the purchase price of the tavern by obtaining a loan from the Cumberland Savings Bank in Cumberland, Maryland and securing the loan by a deed of trust. He financed the remaining portion of the cost by executing a promissory note to the Rhodes and securing that note with a second deed of trust. In connection with the sale of the tavern the parties entered into a sales contract and agreement which provided in part:

A condition of the sale of the business and the real estate encompassed by this contract is that the said buyer may not dispose of any of the real estate, equipment or fixtures so long as the second deed of trust in favor of Leo W. Rhodes, Sr., and Wilma B. Rhodes, his wife, remains unpaid. Excepting, however, that the said buyer may dispose of equipment used in the operation of Frank's Tavern, Inc., so long as such equipment is replaced with equipment of the same quality or better.

In May of 1982, Larry Baker defaulted on the loans, vacated the premises and advised his creditors that he could no longer pay his debts. Under the terms of the deed of trust, the property was advertised for sale. The Rhodes purchased the property at a foreclosure sale held in August of 1982. When they subsequently took possession of the premises, Mr. and Mrs. Rhodes found that two pool tables and a jukebox they had left in the tavern had been removed. In their stead were two different pool tables and a different jukebox.

Shortly after the foreclosure sale, Richard Shaw, an agent of Queen City Novelty Company, informed Mr. and Mrs. Rhodes that the jukebox and pool tables currently in the tavern were owned by his company

---

1. Leo Rhodes originally was a party defendant to this action. Mr. Rhodes, however, died on

September 27, 1983.

and had been placed in the tavern at Larry Baker's request with the understanding that Queen City would retain ownership of them. Mr. Shaw denied any knowledge of the whereabouts of the Rhodes' pool tables and jukebox which had been removed.

This civil action was commenced in December of 1982 when Queen City filed an action in detinue[2] against Mr. and Mrs. Rhodes to recover possession of its pool tables and jukebox. The Rhodes filed an answer admitting that there was a jukebox and two pool tables in their tavern which did not appear to belong to them, but neither admitted nor denied that the items belonged to Queen City. The Rhodes pleaded fraud as an affirmative defense[3] and counterclaimed for their own pool tables and jukebox which they alleged Queen City had taken into its possession.

For purposes of discovery each party served the other with interrogatories. Then, on June 6, 1983, Queen City moved for summary judgment. In support of its motion, the company filed an affidavit executed by Richard Shaw. Mr. Shaw averred that the company had purchased the pool tables and jukebox it was seeking to recover, had placed the tables and jukebox in the Shamrock Club [formerly Frank's Tavern] at the request of Larry Baker, and had never sold the same to Mr. Baker or to any other person. Attached to the affidavit were original bills of sale for the two pool tables and the jukebox.

Thereafter Mr. and Mrs. Rhodes filed a response in opposition to the motion for summary judgment. Filed with the response was an affidavit executed by Larry Baker who stated that Richard Shaw knew about the agreement he had with the Rhodes not to dispose of the property in the tavern until the business had been completely paid for; that Mr. Shaw knew that the pool tables and jukebox would have to

be returned to the Rhodes if there were a default on the loan payments; and that Calvin Rummer, an employee of Queen City, removed the Rhodes' pool tables and jukebox when he delivered the new items for Queen City. In addition to this affidavit, the Rhodes submitted a letter from Alfred Comer, a resident of Ridgeley, West Virginia, who in his letter, verified that he had purchased a used pool table bearing serial number 21867 from Richard Shaw at Queen City Novelty Company.[4]

At a hearing held on the summary judgment motion, the Rhodes alleged that Queen City had perpetrated a fraud upon them by taking possession of their property and disposing of it in bad faith. The bad faith argument was predicated upon the fact that Richard Shaw knew that the property could not be sold because it had to be returned to the original owners under the sales agreement if there were a default under the deed of trust. By order entered August 4, 1983, the circuit court granted the appellee's motion for summary judgment.

We begin with two basic principles set forth in our landmark case of *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). In Syllabus Point 3, we stated:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978); *Cassella v. Weirton Construction Co.*, 161 W.Va. 317, 241 S.E.2d 924 (1978); *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978); *State ex rel. County*

---

2. *See W.Va.Code*, 55-6-1 [1953].

3. The Rhodes alleged that Queen City Novelty Company placed their pool tables and jukebox in the Shamrock Club and removed the ones that had belonged to the Rhodes with the knowledge that the items being removed were subject to a deed of trust payment and that Mr. Baker had entered into an agreement not to dispose of

the items until payment for the club had been completed.

4. The serial number of Mr. Comer's pool table matched the serial number of one of the tables the Rhodes claimed ownership of in their counterclaim.

*Commission of Jackson County,* 160 W.Va. 540, 236 S.E.2d 217 (1977).

And in Syllabus Point 6 of *Aetna,* we held:

A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment.

Detinue is a common law action which our statute has enlarged but not otherwise changed. At common law, a plaintiff in an action of detinue could be estopped by his conduct from setting up his title to the goods in question. *See* Laws of England, par. 1614. Also at common law, a defendant in a detinue action could justify his possession of the property being sought in the suit by showing that the circumstances in the case, or the conduct of the plaintiff, made the plaintiff's recovery wrongful. *Millenson v. Lamp,* 99 W.Va. 539, 130 S.E. 137 (1925). This is precisely what the defendants, the Rhodes, were attempting to show in the case before us when the trial court thwarted their efforts to do so by granting summary judgment against them.

We are of the view that the court erred in granting summary judgment because material issues of fact remained in this case. Specifically, the court foreclosed inquiry on the conflicting evidence relating to whether Richard Shaw took possession of and sold the Rhodes' property to a third party and whether he did so with full knowledge that the property could not be sold under an agreement to that effect between the Rhodes and Larry Baker. Considering all of the papers and pleadings filed in this case as we are required to do under *Aetna Casualty and Surety Co. v. Federal Insurance Co., supra,* we are convinced that there were genuine issues of material fact relating to the defendants' possible defenses against the detinue action. We have held that when matters that deal with defenses that could be set up by a defendant in the trial of a case on its merits raise a genuine issue of fact, a motion for summary judgment should not be granted. *Commercial Credit Corp. v. Citizens National Bank,* 150 W.Va. 196, 144 S.E.2d 784 (1965).

Accordingly, the judgment of the Circuit Court of Mineral County is reversed and the case is remanded for further proceedings.

Reversed and remanded.